UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN A. PORTER, III,

                                Plaintiff,

        v.                                                      5:24-CV-0033
                                                                (GTS/TWD)
SUSAN HAMLIN NASCI,

                                Defendant.
_____

APPEARANCES:

JOHN A. PORTER, III
175 Parkside Ave
Syracuse, NY 13207
*Plaintiff*, pro se


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

### <u>ORDER AND REPORT-RECOMMENDATION</u>

        The Clerk has sent a *pro se* complaint together with an application to proceed *in forma pauperis* ("IFP") filed by Plaintiff John A. Porter, III, to the Court for review.  (Dkt. Nos. 1, 2.)

## I.      BACKGROUND

        Plaintiff brings this action under 42 U.S.C. § 1983 alleging Defendant Susan Hamlin Nasci, "acting as a non-judicial court employee without proper authority and jurisdiction," violated his "constitutional rights."[1]  *Id*.  Plaintiff claims "Defendant's actions constitute a violation of the Plaintiff's right to a trial by jury, equal protection of the law, and due process,

_____

[1]  The Court takes judicial notice Susan Hamlin Nasci, Esq., is a New York Family Court Support Magistrate.  *See* https://ww2.nycourts.gov/courts/5jd/onondaga/index.shtml (last visited Mar. 13, 2024).

resulting in substantial emotional and financial harm to the Plaintiff."[2]  *Id*.  The complaint does not include any other factual allegations.

As relief, Plaintiff seeks: (1) $50,000 in actual damages "for medical conditions and lost income due to severe anxiety and reduced work capacity"; (2) $50,000 in compensatory damages for emotional distress "caused by the estrangement from the Plaintiff's son"; (3) $50,000 in punitive damages to "penalize the Defendant and deter similar future misconduct"; (4) "the immediate dismissal" of the "fraudulent child support financial order imposed upon the Plaintiff"; and (5) the "return of all payments made by the Plaintiff under the fraudulent child support order up to the present day."  *Id*. at 2.

## II.   IFP APPLICATION

Plaintiff declares in his IFP application that he is unable to pay the statutory filing fee to commence this action.  (Dkt. No. 2.)  After reviewing his application, this Court finds Plaintiff is financially eligible for IFP status.  According, Plaintiff's IFP application is granted.[3]

## III.   STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid

---

[2]  Unless otherwise indicated, excerpts from the complaint are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

[3]  Plaintiff is advised that he will still be required to pay any costs and fees that he may incur in this matter, including, but not limited to, any copying fees or witness fees.

the filing fee).  The Court must also dismiss a complaint, or portion thereof, when the Court

lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

"An action is frivolous when either: (1) the factual contentions are clearly baseless such

as when the claims are the product of delusion or fantasy; or (2) the claim is based on an

indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437

(2d Cir. 1998).  "A claim is based on an indisputably meritless legal theory when either the claim

lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the

complaint."  *Id*.

To survive dismissal for failure to state a claim, a complaint must contain a short and

plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

This short and plain statement of the claim must be "plausible on its face."  *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The statement of the

claim must do more than present "an unadorned, the-defendant-harmed-me accusation."  *Id*.  It

must "give the defendant fair notice of what the claim is and the grounds upon which it rests."

*Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the

court must accept the material facts alleged in the complaint as true and construe all reasonable

inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

The Court will construe the allegations in the complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a *pro se* litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers."); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

## IV.   ANALYSIS

Liberally construed, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) ("42 U.S.C. § 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.").[4]

"Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). To establish liability under the statute, a plaintiff must plead that each government official defendant violated the Constitution through that official's own individual actions. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

Having carefully reviewed Plaintiff's complaint and for the reasons discussed below, the Court recommends dismissal of complaint without prejudice and with leave to amend.

---

[4]  Plaintiff also claims Defendant, "acting as a non-judicial court employee without proper authority and jurisdiction, has trespassed upon the Plaintiff's right, specifically under 18 USC Section 242." (Dkt. No. 1 at 1.) However, 18 U.S.C. § 242 is a criminal statute, which does not give rise to civil liability or authorize a private right of action. *See Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) (holding there is "no private right of action" under 18 U.S.C. § 242).

### A.     Failure to State a Claim

The complaint alleges Defendant denied Plaintiff his "right to a trial by jury, equal protection of the law, and due process." (Dkt. No. 1 at 1.) However, Plaintiff has failed to adequately set forth sufficient factual content to allow this Court to reasonably infer Defendant was personally involved and liable for the alleged unconstitutional conduct. *See Iqbal*, 556 U.S. at 678. Specifically, he has failed to set forth a short and plain statement stating what Defendant did to him, when she did it, and how he was injured. *See id.*; *see also* Fed. R. Civ. P. 8(a)(2). Absent these basic details, Plaintiff's complaint has failed to give Defendant fair notice of what his claims are, and the Court is left with "an unadorned, the-defendant-harmed-me accusation." *See Iqbal*, 556 U.S. at 678.

Therefore, it is recommended that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 8(a).

### B.     Judicial Immunity

Judges are immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when a judge takes action "outside" his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "absence of all jurisdiction." *Mireles* 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

"New York Family Court Support Magistrates, as New York State judicial officers, enjoy this judicial immunity, when presiding over child support proceedings."[5] *Cora v. Wright*, No. 1:24-CV-0263, 2024 WL 450247, at *2 (S.D.N.Y. Feb. 5, 2024) (citing *Arce v. Turnbull*, No. 21-642, 2021 WL 5816687 (2d Cir. Dec. 8, 2021) (summary order)); *see, e.g.*, *Phillips v. Wagner*, No. 1:22-CV-0833 (DNH/ML), 2022 WL 17406092, at *4 (N.D.N.Y. Nov. 4, 2022) ("Plaintiff's claims under § 1983 against Defendant Wagner, who acted as the support magistrate judge, are barred under the doctrine of judicial immunity."), *report and recommendation adopted*, 2022 WL 17403441 (N.D.N.Y. Dec. 2, 2022), *appeal dismissed*, No. 23-68, 2023 WL 4445323 (2d Cir. Apr. 25, 2023).

While not entirely clear, Plaintiff seems to assert claims for damages and injunctive relief pursuant to Section 1983 against Defendant, a Support Magistrate, who presumably presided over the child support proceedings that resulted in the alleged "fraudulent child support financial order imposed upon the Plaintiff." (Dkt. No. 1 at 1-2.) Plaintiff, however, fails to allege any facts showing Defendant acted beyond the scope of her judicial responsibilities or outside her

---

[5] According to the website maintained by the New York State Unified Court System, "[a] 'Support Magistrate' conducts the hearing, taking testimony from both sides concerning their income and expenses and the cost of supporting the child. The parties can present evidence and witnesses and cross-examine each other and the witnesses. The Support Magistrate calculates how much support the non-custodial parent must pay to the parent with custody, and sets a schedule for regular payments." *See* https://ww2.nycourts.gov/courts/5jd/family/support.shtml (last visited Mar. 13, 2024).

jurisdiction. *See Mireles*, 509 U.S. at 11-12. Moreover, Plaintiff does not allege any facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable.

Thus, insofar as Plaintiff sues Defendant "for acts arising out of, or related to, individual cases before [her]," Defendant would be entitled to judicial immunity.[6] *Bliven*, 579 F.3d at 210; *see* 28 U.S.C. § 1915(e)(2)(b)(iii); *see also Mills v. Fischer*, 645 F. 3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

### C.    Jurisdiction

Although the nature of Plaintiff's complaint makes it difficult to precisely determine which doctrines apply, based on the relief Plaintiff seeks, this Court may lack jurisdiction to hear Plaintiff's claims and/or it should likely abstain from hearing Plaintiff's claims.

Under the *Rooker-Feldman* doctrine, a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (The *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)). "This includes when a litigant seeks relief that invites a federal district court to reject or

---

[6] Defendant also would be protected under the doctrine of sovereign immunity. In *Gollomp v. Spitzer*, the Court held that the New York Unified Court System is an "arm of the State" and affirmed the dismissal of a § 1983 claim against a judge under sovereign immunity. 568 F.3d 355, 365-68 (2d Cir. 2009). That holding was recently reaffirmed by the Second Circuit. *Bythewood v. New York*, No. 22-2542-cv, 2023 WL 6152796, at *1 (2d Cir. Sept. 21, 2023) ("The New York State Unified Court System is 'unquestionably an arm of the state' that shares in New York's immunity to suit.").

overturn a final decision of a New York Family Court as to a child support dispute brought in that state court." *Sims v. Kaufman*, No. 23-CV-7927, 2024 WL 757338, at *4 (S.D.N.Y. Feb. 14, 2024) (citing *Legister v. Radowitz*, No. 1:20-CV-9330, 2020 WL 7405672, at *3 (S.D.N.Y. Dec. 16, 2020) ("A plaintiff's challenge in a federal district court to 'the validity or enforcement of [a] child support order itself' is barred by the *Rooker-Feldman* doctrine." (quoting *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013)))).

District court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the litigant lost in state court; (2) the litigant complains of injuries caused by a final state court order or judgment; (3) the litigant invites district court review and rejection of the final state court order or judgment; and (4) the final state court order or judgment was rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).[7]

Plaintiff's claims also appear to implicate the domestic relations abstention doctrine, which requires federal courts to abstain from exercising federal question jurisdiction of domestic relations issues such as divorce, child support payments and child custody. *See Deem v. DiMella-Deem*, 941 F.3d 618, 621-24 (2d Cir. 2019) (holding that federal district courts must abstain from exercising federal-question jurisdiction of claims involving domestic-relations issues); *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (holding that where a federal district court is "asked to grant a divorce or annulment, determine support payments, or award custody of a child," the court should abstain from exercising its jurisdiction of such claims

---

[7]  To the extent Plaintiff is asking the Court to grant injunctive and declaratory relief with respect to ongoing Family Court proceedings, including any post-judgment proceedings, the Court must likely abstain from hearing those claims under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971).

if "there is no obstacle to their full and fair determination in [the] state courts.") (internal

quotation marks omitted); *see, e.g.*, *Simmons v. NYS Dep't of Soc. Servs.*, No. 19-CV-3633, 2019

WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5, 2019) ("[C]alculation of support payments is the type

of domestic relations issue that the Court generally abstains from hearing.").

## V.      OPPORTUNITY TO AMEND

As discussed above, the Court finds Plaintiff's complaint is subject to dismissal failure to

state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P.

8(a).  Generally, before the Court dismisses a *pro se* complaint or any part of the complaint *sua*

*sponte*, the Court should afford the plaintiff the opportunity to amend at least once; however,

leave to re-plead may be denied where any amendment would be futile.  *Ruffolo v. Oppenheimer*

*& Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  Futility is present when the problem with plaintiff's

causes of action is substantive such that better pleading will not cure it.  *Cuoco v. Moritsugu*, 222

F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Although the Court has serious doubts about whether Plaintiff can amend to assert an

actionable claim given the various jurisdictional and immunity principles discussed above, since

this is Plaintiff's initial complaint and out of an abundance of caution, the Court recommends

that Plaintiff be given an opportunity to amend to cure the deficiencies identified above.

The Court advises Plaintiff that should he be permitted to amend his complaint, any

amended pleading he submits to this Court must comply with Rules 8 and 10 of the Federal

Rules of Civil Procedure.[8]  Any such amended complaint should specifically identify the legal

theory or theories that form the basis for his claim.  Plaintiff is cautioned that no portion of his

---

[8]  "A party must state its claims or defenses in numbered paragraphs, each limited as far as
practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

original complaint shall be incorporated into his amended complaint by reference.  Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendant which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. Of course, Plaintiff may also pursue his claims in state court if appropriate.

## VI.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITH LEAVE TO AMEND**; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff has fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.[9]

**<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

---

[9]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

**IT IS SO ORDERED.**

Dated: March 15, 2024
          Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

Myers v. Wollowitz, Not Reported in F.Supp. (1995)

1995 WL 236245

Case 5:24-cv-00033-GTS-TWD    Document 4    Filed 03/15/24    Page 12 of 50

1995 WL 236245
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

James N. MYERS, Jr., Plaintiff,

v.

Heather WOLLOWITZ, Attorney, Defendant.

No. 95–CV–0272 (TJM) (RWS).
|
April 10, 1995.

**Attorneys and Law Firms**

James N. Myers, Jr., Troy, NY, pro se.

*DECISION AND ORDER*

McAVOY, Chief Judge.

### I. Background

**\*1** Presently before this Court is the above-captioned plaintiff's application to proceed in forma pauperis and civil rights complaint. Plaintiff has not paid the partial filing fee required to maintain this action.

For the reasons stated below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(d) and Local Rule 5.4(a) of the General Rules of this Court as without arguable basis in law.

In his *pro se* complaint, plaintiff seems to claim that plaintiff was represented by defendant Wollowitz, a public defender for the County of Rensselaer, in a County Court proceeding. Plaintiff alleges that after a criminal proceeding in that Court, plaintiff was "sentenced to a illegal sentence." *Id.* at 2. Plaintiff contends that due to the ineffective assistance of his counsel, defendant Wollowitz, his constitutional rights were violated. For a more complete statement of plaintiff's claims, reference is made to the entire complaint filed herein.

### II. Discussion

Consideration of whether a *pro se* plaintiff should be permitted to proceed in forma pauperis is a two-step process. First, the court must determine whether the plaintiff's economic status warrants waiver of fees and costs under 28 U.S.C. § 1915(a). If the plaintiff qualifies by economic status, the court must then consider whether the cause of action

stated in the complaint is frivolous or malicious. *Moreman v. Douglas,* 848 F.Supp. 332, 333 (N.D.N.Y.1994) (Scullin, J.); *Potnick v. Eastern State Hosp.,* 701 F.2d 243, 244 (2d Cir.1983) (per curiam).

In the present case, upon review of the plaintiff's inmate account statements, the Court has determined that plaintiff's financial status qualifies him to file or "commence" this action in forma pauperis. 28 U.S.C. § 1915(a). Turning to the second inquiry, a court may "dismiss the proceeding under 28 U.S.C. § 1915(d) if the court thereafter determines that ... the action is frivolous or malicious." *Moreman,* 848 F.Supp. at 333 (citation omitted).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir.1990) (per curiam), and extreme caution should be exercised in ordering sua sponte dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action in forma pauperis. Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(d) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge,* 505 F.2d 802, 804 (8th Cir.1974), as well as to discourage the waste of judicial resources. *Neitzke,* 490 U.S. at 327. *See generally Moreman,* 848 F.Supp. at 334.

**\*2** 42 U.S.C. § 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights. *See, e.g., Von Ritter v. Heald,* 91–CV–612, 1994 WL 688306, \*3, 1994 U.S.Dist. LEXIS 17698, \*8–9 (N.D.N.Y. Nov. 14, 1994) (McAvoy, C.J.). A party may not be held liable under this section unless it can be established that the defendant has acted under the color of state law. *See, e.g., Rounseville v. Zahl,* 13 F.3rd 625, 628 (2d Cir.1994) (noting state action requirement under § 1983); *Wise v. Battistoni,* 92–Civ–4288, 1992 WL 380914, \*1, 1992 U.S.Dist. LEXIS 18864, \*2–3 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted).

In the present case, the sole defendant named by plaintiff is the Rensselaer County public defender who apparently represented plaintiff in the criminal proceeding discussed in

WESTLAW    © 2024 Thomson Reuters. No claim to original U.S. Government Works.    1

1995 WL 236245

his complaint. *See* Complaint at 2. However, "[i]t is well settled that an attorney's representation of a party to a court proceeding does not satisfy the Section 1983 requirement that the defendant is alleged to have acted under color of state law...." *Wise,* 1992 WL 380914 at *1, 1992 U.S.Dist. LEXIS 18864 at *2–3; *see also D'Ottavio v. Depetris,* 91–Civ–6133, 1991 WL 206278, *1, 1991 U.S.Dist. LEXIS 13526, *1–2 (S.D.N.Y. Sept. 26, 1991).

Since the plaintiff has not alleged any state action with respect to the Section 1983 claim presently before the Court, plaintiff's complaint, as presented to this Court, cannot be supported by any arguable basis in law and must therefore be dismissed pursuant to 28 U.S.C. § 1915(d). *Neitzke,* 490 U.S. at 328.

Accordingly, it is hereby

ORDERED, that leave to proceed or prosecute this action in forma pauperis is denied, and it is further

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(d) and Local Rule 5.4(a) of the General Rules of this Court as lacking any arguable basis in law, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail.

I further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a).

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1995 WL 236245

---

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.

 © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2024 WL 450247
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Ramon CORA Sr., Plaintiff,

v.

Marsha M. WRIGHT, the New York Family Court;
Human Resources Child Support, Defendants.

1:24-CV-0263 (LTS)
|
Signed February 5, 2024

**Attorneys and Law Firms**

Ramon M. Cora, Sr., Bronx, NY, Pro Se.

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District
Judge:

**\*1** Plaintiff Ramon Cora Sr., of the Bronx, New York, who is
appearing *pro se*, filed this action invoking the court's federal
question jurisdiction.[1] He sues: (1) Marsha M. Wright, a
Support Magistrate of the New York Family Court, New
York County; and (2) "Human Resources Child Support,"
which the Court understands to be the Office of Child Support
Services ("OCSS") of the Human Resources Administration
("HRA") of the New York City Department of Social Services
("DSS"). Plaintiff does not specify the relief he seeks.
The Court understands Plaintiff's complaint as asserting
claims of federal constitutional violations, under 42 U.S.C.
§ 1983, under the court's federal question jurisdiction, as
well as claims under state law, under the court's supplemental
jurisdiction, for monetary damages and injunctive relief.

[1]     Plaintiff mislabels his complaint as a petition. The
        Court will refer to it as a complaint in this order.

By order dated January 12, 2024, the Court granted Plaintiff's
request to proceed *in forma pauperis* ("IFP"), that is, without
prepayment of fees. For the reasons discussed below, the
Court dismisses this action, but grants Plaintiff 30 days' leave
to replead his claims under Section 1983, against the City of
New York, in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of
the complaint, that is frivolous or malicious, fails to state a
claim on which relief may be granted, or seeks monetary relief
from a defendant who is immune from such relief. 28 U.S.C.
§ 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*,
141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss
a complaint when the Court lacks subject matter jurisdiction
of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the
Court is obliged to construe *pro se* pleadings liberally, *Harris
v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them
to raise the "strongest [claims] that they *suggest*," *Triestman
v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)
(internal quotation marks and citations omitted, emphasis in
original). But the "special solicitude" in *pro se* cases, *id.* at
475 (citation omitted), has its limits – to state a claim, *pro se*
pleadings still must comply with Rule 8 of the Federal Rules
of Civil Procedure, which requires a complaint to make a short
and plain statement showing that the pleader is entitled to
relief.

Rule 8 requires a complaint to include enough facts to state
a claim for relief "that is plausible on its face." *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is
facially plausible if the plaintiff pleads enough factual detail
to allow the Court to draw the inference that the defendant
is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556
U.S. 662, 678 (2009). In reviewing the complaint, the Court
must accept all well-pleaded factual allegations as true. *Id.*
But it does not have to accept as true "[t]hreadbare recitals
of the elements of a cause of action," which are essentially
just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555).
After separating legal conclusions from well-pleaded factual
allegations, the Court must determine whether those facts
make it plausible – not merely possible – that the pleader is
entitled to relief. *Id.* at 679.

**BACKGROUND**

**\*2** Plaintiff alleges that the events that are the bases for
his claims occurred in the New York Family Court, New
York County, on September 21, 2023. He also alleges the
following:

> I made a petition for the Family Court to re[calculate] ... how much I owed in back child support, but the judge was rude to me wouldn't let me speak to[ld] me to shut my mouth or she was going to dismiss the case and I would have to wait for a year. My paychecks were being garnish[ed] and my daughter was dec[a]se[d] since April 15th 2021 and she wasn['] living with [my ex-wife] since the age of 16[ ] and my son was kicked out of the house at the age of 17[ ] but my ex[-]wife was still collecting payments. [*sic*]

(ECF 1, at 5.)

Plaintiff alleges that the federal constitutional or statutory bases for his claims are: "I wasn't giv[en] the right of defending myself nor was I properly served with anything until[ ] I came to [New York]." (*Id.* at 2.)

## DISCUSSION

The Court understands, from the allegations in his complaint, that Plaintiff has non-final child support proceedings pending in the New York Family Court, New York County, and that Support Magistrate Wright has been presiding over, and will continue to preside over, at least some of those proceedings.

### A. Claims under 42 U.S.C. § 1983 against Support Magistrate Wright

The Court must dismiss Plaintiff's claims for monetary damages and injunctive relief under 42 U.S.C. § 1983 that Plaintiff appears to assert against Support Magistrate Wright. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 9–11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation."

*Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action outside his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

New York Family Court Support Magistrates, as New York State judicial officers, enjoy this judicial immunity, when presiding over child support proceedings. *See Arce v. Turnbull*, No. 21-642, 2021 WL 5816687 (2d Cir. Dec. 8, 2021) (summary order); *Chris H. v. New York*, 764 F. App'x 53, 55 (2d Cir. 2019) (summary order); *Legister v. Radowitz*, No. 20-CV-9330 (LLS), 2020 WL 7405672, at *5 (S.D.N.Y. Dec. 16, 2020); *Charles v. Lopez*, No. 19-CV-8706 (CM), 2019 WL 5261154, at *2 (S.D.N.Y. Oct. 15, 2019); *Roger of the Fam. Forest v. 45 C.F.R. § 75.2 IV-D Contractor Steve Banks*, No. 18-CV-10866 (CM), 2019 WL 4194332, at *4 (S.D.N.Y. Aug. 30, 2019) (collecting other district court cases within the Second Circuit).

**\*3** Plaintiff seems to assert claims for monetary damages and injunctive relief under Section 1983, against Support Magistrate Wright, arising from her alleged actions and/or rulings during Plaintiff's New York Family Court proceedings before her that took place on September 21, 2023. Plaintiff, however, fails to allege any facts showing that, in taking those actions and/or making such rulings, Support Magistrate Wright acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12.

Because Plaintiff sues Support Magistrate Wright for "acts arising out of, or related to, individual cases before [her]," *Bliven*, 579 F.3d at 210, the doctrine of judicial immunity applies to Plaintiff's claims under Section 1983 against her. The Court therefore dismisses Plaintiff's claims under Section 1983 for damages against Support Magistrate Wright because such claims seek monetary relief against a defendant who is immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, are frivolous,[2] § 1915(e)(2)(B)(i);

*see Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

2    The amendment to Section 1983, allowing for injunctive relief against a judge only if a state court declaratory decree was violated or state court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive relief against Support Magistrate Wright. This is so because Plaintiff can seek review, by a Family Court Judge, of a Support Magistrate's rulings and, if unsuccessful, appeal a Family Court Judge's decision in the New York State appellate courts. *See* N.Y. Family Court Act §§ 439(e), 1112; N.Y.C.P.L.R. § 5602(a)(1), (b)(2); *see generally Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

**B. The *Younger* abstention doctrine**

Inasmuch as Plaintiff's child support proceedings are pending in the New York Family Court, New York County, this Court may not intervene in them. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). Application of the *Younger* abstention doctrine has been extended to the three following categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) ("*Sprint*"). Courts have held that pending state court child support proceedings involve at least one of the circumstances mentioned in *Sprint* in which the *Younger* abstention doctrine should be applied. *See Francis v. Dep't of Soc. Servs.*, No. 22-CV-6860, 2023 WL 5096145, at *4 (E.D.N.Y. Aug. 9, 2023) ("The merits of that appeal – challenging both the Family Court order and Francis's need to exhaust administrative remedies through [the Department of Social Services] – implicate New York's state interest in

managing and enforcing child support payments."); *Perso v. Perso*, No. 19-CV-2858, 2019 WL 4415399, at *3-4 (E.D.N.Y. Sept. 13, 2019) (same as to ongoing divorce and child support proceedings); *Tomczyk v. N.Y. Unified Court Sys.*, No. 19-CV-2753, 2019 WL 2437849, at *3 (E.D.N.Y. June 10, 2019) (same); *Bowman v. Morris*, No. 8:19-CV-0097, 2019 WL 5150196, at *6 (N.D.N.Y. Apr. 10, 2019) ("[T]o the extent that the child support issues are continuing in Family Court, the Court should abstain from interfering with that process."), *report & recommendation adopted*, 2019 WL 3759174 (N.D.N.Y. Aug. 9, 2019); *Gravagna v. Eisenpress*, No. 19-CV-0700 (CM), 2019 WL 1469289, at *2 (S.D.N.Y. Apr. 2, 2019) ("[T]his Court must abstain under *Younger* from interfering in Plaintiff's ongoing state-court proceedings[ ] involving ... child support issues and 'implicat[ing] a State's interest in enforcing the orders and judgments of its courts.' " (citation and second alteration omitted)); *Brock v. City of New York*, No. 19-CV-0957, 2019 WL 438356, at *3 (E.D.N.Y. Feb. 4, 2019) (applying *Younger* abstention to a claim in which the plaintiff asked the federal district court "to enjoin [a New York City official] from continuing to prosecute [the plaintiff's] child support obligations in New York family court" because "actions to enforce child support orders implicate important state interests").

**\*4** Plaintiff has not alleged any facts showing that bad faith, harassment, or irreparable injury that is both serious and immediate has occurred with respect to his child support proceedings that are pending in the New York Family Court, New York County. Thus, to the extent Plaintiff asks this Court to intervene in those pending proceedings, the Court dismisses such claims under the *Younger* abstention doctrine.

**C. The domestic relations abstention doctrine**

In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal question jurisdiction of claims involving domestic relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal question jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted). Thus, this abstention doctrine applies when a federal district court is asked, under its federal question jurisdiction, to modify a previously determined child support amount set by a state court. *See id.*; *cf. Mayers v. Sara Lee Corp.*, No. 08-CV-1421, 2009 WL 10706711, at

*10 (E.D.N.Y. Apr. 13, 2009) ("As in *American Airlines*, the income execution for which enforcement is sought consists of an ongoing support obligation that is subject to modification by the Family Court. Enforcement by this court would thus require interference with the ability of the Family Court to modify ongoing child support obligations, and abstention would be mandated here for the same reasons it was required as to the non-final judgment amounts in *American Airlines*."). More recently, the Second Circuit, in *Deem v. DiMella-Deem*, held that its own previous holding in *American Airlines remains good law. 941 F.3d 618, 621 (2d Cir. 2019).*

Notwithstanding the Court's dismissal of Plaintiff's claims above pursuant to the *Younger* abstention doctrine, to the extent that Plaintiff asserts claims for injunctive relief, under the court's federal question jurisdiction, including under Section 1983, in which he asks the Court to modify his child support payments, as previously set by the New York Family Court, New York County, the Court dismisses those claims under the domestic relations abstention doctrine.

### D. Plaintiff's claims against OCSS, HRA, and/or DSS

Plaintiff names as defendants OCSS, HRA, and/or DSS, but the Court must dismiss his claims against these entities because, as agencies of the City of New York, they are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Milhouse v. N.Y.C. DHS DSS*, No. 1:22-CV-2943 (JPC), 2022 WL 3229120, at *2 (S.D.N.Y. Aug. 10, 2022) (DSS and another city agency); *Andrews v. DHS*, No. 1:19-CV-5622 (CM), 2019 WL 3748171, at *4 (S.D.N.Y. Aug. 7, 2019) (HRA among other city agencies); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.") The Court therefore dismisses Plaintiff's claims against these New York City agencies for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

 **\*5** Inasmuch as Plaintiff's complaint can be construed as asserting claims, under Section 1983, against the City of New York, the Court dismisses those claims. When a plaintiff sues a municipality, like the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality

itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice, and; (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges no facts showing that a policy, custom, or practice of the City of New York contributed to the violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims against the City of New York for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), but grants Plaintiff leave to replead his claims under Section 1983, against the City of New York, in an amended complaint.

### E. Claims under Section 1983 alleging violations of procedural due process

The Court understands Plaintiff's complaint as also asserting claims, under Section 1983, of violations of his right of procedural due process with respect to the garnishment of his wages to pay his child support arrears debt.

The right of procedural due process only protects "against deprivations without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard ... at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera-Powell*, 470 F.3d at 466 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Generally, some kind of predeprivation process must be provided before a person's property rights are infringed upon.

*See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Where that person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, however, the right of procedural due process is satisfied if the State provides an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Rivera-Powell*, 470 F.3d at 465.

In the State of New York, a child support debtor is entitled to the administrative remedies outlined in Article 52 of the New York Civil Practice Law and Rules ("Article 52"). For example, when a local social services district's Support Collection Unit issues an execution for enforcement of current child support or child support arrears, but there is "an error in the amount" purportedly owed, the debtor may assert that error as a "mistake of fact" and challenge it administratively. *See* N.Y.C.P.L.R. § 5241(a)(8), (e). If the agency does not agree with the debtor's objection, the debtor may seek judicial review of the agency's determination in a proceeding brought in a state court under Article 78 of the New York Civil Practice Law and Rules ("Article 78"). *Beattease v. Washington Cnty. Support Collection Unit*, 92 A.D.3d 1037, 1038 (2d Dep't 2012); *see Phillips v. Wagner*, No. 22-CV-0833, 2022 WL 17406092, at *3 (N.D.N.Y. Nov. 4, 2022), *report & recommendation adopted*, 2022 WL 17403441 (N.D.N.Y. Dec. 2, 2022), *appeal dismissed*, No. 23-68, 2023 WL 4445323 (2d Cir. Apr. 25, 2023); *Ketan v. Lopez*, No. 20-CV-1626 (LLS), 2020 WL 3871209, at *3 (S.D.N.Y. July 9, 2020); *Basciano v. Child Support Enf't Mt. Vernon Off.*, No. 19-CV-11797 (CM), 2020 WL 550569, at *3 (S.D.N.Y. Feb. 4, 2020); *Smith v. N.Y. Child Support Process Ctr.*, No. 19-CV-9266 (CM), 2019 WL 6312178, at *3 (S.D.N.Y. Nov. 25, 2019), *appeal dismissed*, No. 20-26, 2020 WL 3643569 (2d Cir. May 7, 2020).

 **\*6** State law, specifically, Articles 52 and 78, provides procedural due process to child support debtors facing garnishment. If state officials failed to comply with state law, such an omission would constitute a random and unauthorized deprivation of property. That deprivation does not, however, constitute a violation of procedural due process so long as the state provides an adequate postdeprivation remedy.

Plaintiff has not alleged facts showing that he has sought Article 52 administrative review or Article 78 judicial review, or that either remedy is inadequate. In fact, the complaint shows that Plaintiff sought at least some sort of judicial review, and it suggests that he was aware that he was in arrears as to child support that he owed, but that his efforts to reduce his child support debt were unsuccessful. Without seeking Article 52 administrative review or Article 78 judicial review, Plaintiff cannot assert that he was denied procedural due process. *Basciano*, 2020 WL 550569, at *4 (citing *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991), and *Smith*, 2019 WL 6312178, at *3). Accordingly, to the extent that Plaintiff asserts claims under Section 1983 that his right of procedural due process has been violated with regard to his child support arrears obligations, the Court dismisses such claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**F. Claims under state law**
A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of [supplemental] jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims of which the Court has original jurisdiction (Plaintiff's claims under federal law), the Court declines to exercise its supplemental jurisdiction of any remaining claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.' " (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order. The Court, however, grants Plaintiff 30 days' leave to replead his claims under Section 1983, against the City of New York, in an amended complaint, as specified above. If Plaintiff fails to file an amended complaint within the time allowed, and cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and

2024 WL 450247

therefore IFP status is denied for the purpose of an appeal. *See*
*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**All Citations**

Slip Copy, 2024 WL 450247

**\*7**  SO ORDERED.

---

**End of Document**                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Arce v. Turnbull, Not Reported in Fed. Rptr. (2021)

2021 WL 5816687

Case 5:24-cv-00033-GTS-TWD   Document 4   Filed 03/15/24   Page 20 of 50

2021 WL 5816687
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Armando ARCE, Sr., Plaintiff-Appellant,

v.

David L. TURNBULL, individually and in his
official capacity, Chautauqua County Family Court,
Official capacity, Michael K. Bobseine, Official
capacity, Michael Sullivan, Official capacity, Michael
F. Griffith, Individual and Official capacity, 8th
Judicial District, Official capacity, Chautauqua
County, Official capacity, Defendants-Appellees. [*]

[*]     The Clerk of Court is directed to amend the caption
as set forth above.

21-642
|
December 8, 2021

Appeal from an order of the United States District Court for
the Western District of New York (Vilardo, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY
ORDERED, ADJUDGED, AND DECREED** that the order
of the district court is **AFFIRMED**.

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT: Armando Arce, Sr., pro se,
Crestview, FL.

FOR DEFENDANTS-APPELLEES David Turnbull,
Chautauqua County Family Court, Michael K. Bobseine,
Michael Sullivan, Michael F. Griffith, and 8th Judicial
District: Barbara D. Underwood, Solicitor General; Victor
Paladino, Senior Assistant Solicitor General; and Laura
Etlinger, Assistant Solicitor General of Counsel, for Letitia
James, Attorney General of the State of New York, Albany,
NY

FOR DEFENDANT-APPELLEE Chautauqua County: Kevin
G. Cope and Michael P. McClaren, Webster Szanyi LLP,
Buffalo, NY

PRESENT: GUIDO CALABRESI, DENNY CHIN,
WILLIAM J. NARDINI, Circuit Judges.

## SUMMARY ORDER

**\*1**  Armando Arce, Sr., proceeding pro se, appeals from an
order of the district court entered on March 11, 2021, denying
his motion for relief from judgment under Fed. R. Civ. P.
60(b)(4). Arce sued several Chautauqua Family Court support
magistrates and judges, the Chautauqua Family Court, the
8th Judicial District of the New York State Unified Court
System, and Chautauqua County, asserting claims under 42
U.S.C. § 1983 arising from state court child support rulings.
The defendants moved to dismiss the complaint. The district
court granted their motions, entering judgment against Arce
on September 18, 2019. Arce filed an appeal, which this
Court dismissed as lacking an arguable basis in law or fact.
Arce subsequently filed a series of motions for relief from
judgment under Fed. R. Civ. P. 60, two of which were the
subject of prior appeals, which we also dismissed because
they lacked an arguable basis in law or fact. Arce now appeals
from the denial of his third motion for relief from judgment,
this time under Rule 60(b)(4).

Arce argues that the district court did not have jurisdiction
to determine whether the judicial defendants were entitled to
absolute judicial immunity and that the Family Court support
magistrates acted without jurisdiction. We assume the reader's
familiarity with the record.

This Court reviews *de novo* the denial of a motion under
Rule 60(b)(4). *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298
(2d Cir. 2005). "Rule 60(b)(4) applies only in two situations:
where a judgment is premised either on a certain type of
jurisdictional error or on a violation of due process that
deprives a party of notice or the opportunity to be heard."
*Sec. & Exch. Comm'n v. Romeril*, 15 F.4th 166, 171 (2d
Cir. 2021) (internal quotation marks omitted). "Federal courts
considering Rule 60(b)(4) motions that assert a judgment
is void because of a jurisdictional defect generally have
reserved relief only for the exceptional case in which the
court that rendered judgment lacked even an arguable basis
for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*,
559 U.S. 260, 271 (2010) (internal quotation marks omitted).
A judgment is not void "simply because it is or may have been
erroneous." *Id.* at 270 (internal quotation marks omitted).

We affirm for substantially the reasons stated by the district
court in its order entered March 11, 2021. The district court
plainly had subject matter jurisdiction over Arce's original

2021 WL 5816687

complaint under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court did not exceed its authority in determining that the judicial officers named in Arce's complaint were entitled to absolute immunity. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *Butz v. Economou*, 438 U.S. 478, 512–513 (1978). Nor does Arce provide any basis to conclude that the district court "acted in a manner inconsistent with due process of law." *In re Texlon Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979).

**\*2** We have fully considered all of Arce's submissions, including his supplement that was filed after oral argument, and find that the remainder of his arguments are without merit. Accordingly, we **AFFIRM** the order of the district court.

**All Citations**

Not Reported in Fed. Rptr., 2021 WL 5816687

---

**End of Document**                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

**Phillips v. Wagner, Not Reported in Fed. Supp. (2022)**
Case 5:24-cv-00033-GTS-TWD   Document 4   Filed 03/15/24   Page 22 of 50

2022 WL 17406092

2022 WL 17406092
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Julius PHILLIPS, Plaintiff,

v.

Bruce J. WAGNER; Reilly Dylion;
and Rebecca Bauscher, Defendants.

1:22-CV-0833 (DNH/ML)
|
Signed November 4, 2022

**Attorneys and Law Firms**

JULIUS PHILLIPS, Plaintiff, Pro Se, 800 State Street, Apt.
105, Schenectady, New York 12307.

### ORDER and REPORT-RECOMMENDATION

MIROSLAV LOVRIC, United States Magistrate Judge

 **\*1**  The Clerk has sent this *pro se* Complaint (Dkt. No. 1)
together with an application to proceed *in forma pauperis*
(Dkt. No. 3) filed by Julius Phillips ("Plaintiff") to the Court
for review. For the reasons discussed below, I grant Plaintiff's
*in forma pauperis* application (Dkt. No. 3), and I recommend
that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its
entirety without prejudice and without leave to amend.

### I. BACKGROUND

Liberally construed, [1] Plaintiff's Complaint asserts that his
rights were violated by Defendants Bruce J Wagner, Reilly
Dylion, and Rebecca Bauscher (collectively "Defendants"),
who were all involved in Plaintiff's New York State Family
Court ("Family Court") child support proceeding. (*See
generally* Dkt. No. 1.)

[1]     The court must interpret *pro se* complaints to
        raise the strongest arguments they suggest. *Soto v.
        Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting
        *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.
        1994)).

More specifically, Plaintiff alleges that his constitutional
rights were violated by Defendants when they demanded that
he provide his personal information and proceeded to garnish

his wages based on a child support determination against
Plaintiff. (*Id.*) In addition, Plaintiff alleges that he is involved
in his child's life and thus, should not have to pay child
support. (*Id.*)

Based on these factual allegations, Plaintiff appears to assert
the following causes of action: (1) a claim that his wages
were garnished without due process; (2) a claim that his
rights pursuant to the Fourth, Fifth, Seventh, and Fourteenth
Amendments were violated; (3) conspiracy to commit a crime
and forced labor. (*Id.*) As relief, Plaintiff appears to seek a
new trial in the Family Court child support proceeding. (*Id.*)

Plaintiff also filed an application to proceed *in forma
pauperis*. (Dkt. No. 3.)

### II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court,
the statutory filing fee, currently set at $402, must ordinarily
be paid. 28 U.S.C. § 1914(a). A court is authorized, however,
to permit a litigant to proceed *in forma pauperis* status if a
party "is unable to pay" the standard fee for commencing an
action. 28 U.S.C. § 1915(a)(1). [2] After reviewing Plaintiff's *in
forma pauperis* application (Dkt. No. 3), the Court finds that
Plaintiff meets this standard. Therefore, Plaintiff's application
to proceed *in forma pauperis* is granted. [3]

[2]     The language of that section is ambiguous because
        it suggests an intent to limit availability of *in forma
        pauperis* status to prison inmates. *See* 28 U.S.C. §
        1915(a)(1) (authorizing the commencement of an
        action without prepayment of fees "by a person
        who submits an affidavit that includes a statement
        of all assets such prisoner possesses"). The courts
        have construed that section, however, as making *in
        forma pauperis* status available to any litigant who
        can meet the governing financial criteria. *Hayes v.
        United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006);
        *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536
        n.1 (S.D.N.Y. 2002).

[3]     Plaintiff is reminded that, although his application
        to proceed *in forma pauperis* has been granted, he
        is still required to pay fees that he may incur in this
        action, including copying and/or witness fees.

Case 5:24-cv-00033-GTS-TWD    Document 4    Filed 03/15/24    Page 23 of 50

Phillips v. Wagner, Not Reported in Fed. Supp. (2022)
2022 WL 17406092

### III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

 **\*2** Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party or parties have been served and have had an opportunity to respond, 28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

In addition, the Court shall dismiss any action where the Complaint fails to allege facts plausibly suggesting subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is a "threshold question that must be resolved ... before proceeding to the merits."); *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*, 15-CV-5017, 2018 WL 4185705, at \*5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review, action challenging state court mortgage foreclosure judgment because the court lacked jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

"In reviewing a complaint ... the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### IV. ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

#### A. The *Rooker-Feldman* Doctrine

Federal district courts lack authority to review state-court orders. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments....").

"[I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005). Federal review of such claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district-court review and rejection of the state-court judgment; and (4) the state-court judgment must have been rendered before the district-court proceedings commenced. *Hoblock*, 422 F.3d at 85 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

 **\*3** "A plaintiff's challenge in a federal district court to 'the validity or enforcement of [a] child support order itself' is barred by the *Rooker-Feldman* doctrine." *Ganiyu v. Lopez*, 19-CV-11605, 2020 WL 1467356, at \*3 (S.D.N.Y. Mar. 25, 2020) (quoting *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013)). "Courts have applied this doctrine to bar claims challenging the enforcement of child-support orders by garnishment, seizure, and suspension of a child-support debtor's driver's license." *Ganiyu*, 2020 WL 1467356, at \*3 (citing *Fernandez v. Turtsky*, 12-CV-4092, 2014 WL 5823116, at \*1, 3-4 (E.D.N.Y. Nov. 5, 2014), *aff'd*, 645 F. App'x 103 (2d Cir. 2016); *Leftridge v. Support Enforcement Servs.*, 12-CV-0150, 2013 WL 1947174, at \*2 (D. Conn. May 3, 2013); *Remy v. NYS Dep't of Taxation & Fin.*, 09-CV-4444, 2010 WL 3925184, at \*8 (E.D.N.Y. Aug. 18, 2010), *report and recommendation adopted by*, 2010 WL 3926919 (E.D.N.Y. Sept. 29, 2010), *aff'd*, 507 F. App'x 16 (2d Cir. 2013); *see also Adams v. Vt. Office of Child Support*, 717 F.

2022 WL 17406092

App'x 33, 34 (2d Cir. 2017) (action seeking "an injunction relieving [the plaintiff] of the obligation to pay child support, preventing the garnishment of her future wages, and requiring the return of the monies already collected from her, as well as an award of damages for injuries caused by the child support obligation" should have been dismissed because of the *Rooker-Feldman* doctrine)).

Plaintiff's claims, while not entirely clear, seem to challenge an order by the Family Court, issued before Plaintiff filed this action, in which the Family Court determined that he owes child support. By asking this Court to issue an order allowing for Plaintiff's Family Court proceeding to be "redone" and "thrown out" (Dkt. No. 1 at 7), Plaintiff appears to challenge the validity of that order and its enforcement by garnishment. Thus, Plaintiff's claims for relief are barred by the *Rooker-Feldman* doctrine, and I recommend that they be dismissed for lack of subject-matter jurisdiction. *See Exxon Mobil Corp.*, 544 U.S. at 291 (the *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction.").

### B. The Domestic-Relations Abstention Doctrine

"In *American Airlines, Inc. v. Block*, the Second Circuit instructed federal district courts to abstain from exercising federal-question jurisdiction over claims involving domestic-relations issues, so long as those claims could be fairly determined in the state courts." *Ganiyu*, 2020 WL 1467356, at *4 (citing *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)). For example, the Second Circuit directed that federal district courts should abstain from exercising its federal-question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child...." *Am. Airlines, Inc.*, 905 F.2d at 14.

Plaintiff alleges that his future wages have been garnished apparently due to his child-support debt. His claims therefore involve domestic-relations issues and thus, "unless he shows that there is an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts, this Court must abstain from exercising its federal-question jurisdiction over his claims arising from the Family Court's order and its enforcement." *Ganiyu*, 2020 WL 1467356, at *4 (citing *Am. Airlines*, 905 F.2d at 14; *Simmons v. NYS Dep't of Soc. Servs.*, 19-CV-3633, 2019 WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5, 2019) ("Thus, even if *Rooker-Feldman* did not bar Plaintiff's claim asking this Court to review a support order that the Family Court issued, calculation of support

payments is the type of domestic relations issue that the Court generally abstains from hearing")).

In New York State, a child-support debtor is entitled to the post-judgment remedies outlined in Article 52 of the New York Civil Practice Law and Rules ("Article 52"). For example, when a local government's support collection unit issues an execution for enforcement of current support or arrears, but there is "an error in the amount" purportedly owed, the debtor may assert that error as a "mistake of fact" and "shall have an opportunity to make a submission in support of the objection within fifteen days from service of a copy" of the execution. N.Y. C.P.L.R. § 5241(a)(8), (e). The appropriate agency rules on the objection and "notif[ies] the debtor of its determination within forty-five days" of service of the execution. N.Y. C.P.L.R. § 5241(e). If the agency does not agree with the debtor's objection, the debtor may seek judicial review of the agency's determination in a proceeding brought in a state court under Article 78 of the New York Civil Practice Law and Rules ("Article 78"). *Beattease v. Washington Cnty. Support Collection Unit*, 92 A.D.3d 1037, 1038 (N.Y. App. Div. 3d Dep't 2012) (noting that an applicant for relief should commence an Article 78 proceeding after exhausting his administrative remedies before a support collection unit).

**\*4** The Complaint fails to allege facts plausibly suggesting that there are any obstacles preventing Plaintiff from receiving a full and fair determination regarding the amount of child support he owes or the garnishment of his income. As a result, in the alternative, I recommend that the Court abstain from exercising its federal-question jurisdiction over Plaintiff's claims arising from those events pursuant to the domestic-relations abstention doctrine.

### C. Immunity

In the alternative, I recommend that Plaintiff's claims against Defendants Wagner and Bauscher pursuant to 42 U.S.C. § 1983, be dismissed based on the doctrine of judicial immunity.

### 1. Defendant Wagner

Plaintiff's claims under § 1983 against Defendant Wagner, who acted as the support magistrate judge, are barred under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for claims for

Phillips v. Wagner, Not Reported in Fed. Supp. (2022)
Case 5:24-cv-00033-GTS-TWD    Document 4    Filed 03/15/24    Page 25 of 50

2022 WL 17406092

damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven*, 579 F.3d at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Further, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in the complete absence of all jurisdiction." *Mireles* 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). However, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "District courts within this Circuit have applied this immunity doctrine to New York Family Court Support Magistrates," like Defendant Wagner. *Roger of the Family Forest v. 45 C.F.R. § 75.2 IV-D Contractor Steve Banks*, 18-CV-10866, 2019 WL 4194332, at *4 (S.D.N.Y. Aug. 30, 2019) (collecting cases).

Plaintiff asserts claims arising from the efforts of Defendant Wagner, in his capacity as a New York Family Court Support Magistrate, to assess and collect child support that Plaintiff owes pursuant to Family Court orders and judgments. Defendant Wagner is therefore immune from suit under the doctrine of judicial immunity.

As a result, in the alternative, I recommend that Plaintiff's claims against Defendant Wagner pursuant to 42 U.S.C. § 1983, be dismissed under the doctrine of judicial immunity and because those claims are frivolous. *See 28 U.S.C. § 1915(e)(2)(b)(i), (iii); Mills v. Fischer*, 645 F. 3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915).

**2. Defendant Bauscher**

"Absolute immunity may attach to a non-judicial officer where that individual serves as an 'arm of the court,' or acts as an 'integral part[ ] of the judicial process.' " *Holland v. Morgenstern*, 12-CV-4870, 2013 WL 2237550, at *4 (E.D.N.Y. May 20, 2013) (quoting *Scotto v. Almenas*, 143 F.3d 105, 111 (2d Cir. 1998); *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983)). "In New York, courts have regularly found that attorneys for children in custody proceedings (called 'law guardians' until 2010, N.Y. Fam. Ct. Act § 242) enjoy quasi-judicial immunity." *Thomas v. Martin-Gibbons*, 19-CV-7695, 2020 WL 5026884, at *7 (S.D.N.Y. Aug. 25, 2020) (citing *Bey v. New York*, 11-CV-3296, 2012 WL 4370272, at *9 (E.D.N.Y. Sept. 21, 2012)).

 ***5** Plaintiff's allegations against Defendant Bauscher arise out of her court-appointed representation of Plaintiff's child during the Family Court proceedings. As a result, I recommend that Plaintiff's claims against Defendant Bauscher pursuant to 42 U.S.C. § 1983, be dismissed pursuant to the doctrine of quasi-judicial immunity. *Thomas v. Martin-Gibbs*, 2020 WL 5026884, at *7 (citing *Yapi v. Kondratyeva*, 340 F. App'x 683, 685 (2d Cir. 2009) (finding that the Children's Law Center and its employees are entitled to quasi-judicial immunity)) (dismissing the plaintiff's claims against the Children's Law Center, which arose out of their court-appointed representation of "J.O." during family court proceedings).

**D. Failure to State a Claim Upon Which Relief May Be Granted**

Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Defendant Dylion are inadequately pled because he failed to allege that Defendant Dylion acted under color of state law. 42 U.S.C. § 1983; *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005).

Although it is not clear from the face of the Complaint whether Defendant Dylion was appointed by the court to represent "the defendant" in the Family Court proceeding, or whether "the defendant" in the Family Court proceeding privately retained Defendant Dylion, the difference is inconsequential. "It is well-settled that attorneys engaged in private practice do not act under color of state law within the meaning of § 1983." *Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. May 24, 2011) (Hurd, J.) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)); *accord Agron v. Douglas W. Dunham Esq. & Assocs.*, 02-CV-10071, 2004 WL 691682, at *3 (S.D.N.Y. Mar. 31, 2004); *see Walker v. Rivera*, 22-CV-0560, 2022 WL 2341544, at *3 (N.D.N.Y. June 29, 2022) (Dancks, M.J.) (recommending dismissal of the plaintiff's

Phillips v. Wagner, Not Reported in Fed. Supp. (2022)

Case 5:24-cv-00033-GTS-TWD   Document 4   Filed 03/15/24   Page 26 of 50

2022 WL 17406092

Section 1983 claims against the defendant private attorney and defendant attorney for the child because the plaintiff failed to allege facts plausibly suggesting that they acted under color of state law); *DeRouseau v. Fam. Ct., Westchester Cnty.*, 21-CV-8716, 2022 WL 1747859, at *3 (S.D.N.Y. May 31, 2022) (dismissing the plaintiff's § 1983 claims against "attorneys who were appointed to represent him and his child in the Family Court."); *Cleveland v. Schenectady Cnty. Dep't of Children and Families*, 16-CV-1235, 2016 WL 8193590, at *6 (N.D.N.Y. Dec. 30, 2016) (Stewart, M.J.) ("It is well settled that conduct of private attorneys practicing in family court proceedings, even where they are paid by the State, do not rise to the level of State action.").

As a result, in the alternative, I recommend that Plaintiff's claim against Defendant Dylion be dismissed for failure to state a claim upon which relief may be granted.

## V. OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.). [4]

[4]   *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating

a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

**\*6** Here, better pleading could not cure the Court's lack of subject matter jurisdiction described above. As a result, I recommend that Plaintiff's claims be dismissed without prejudice but without leave to amend.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP application (Dkt. No. 3) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** Plaintiff's Complaint (Dkt. No. 1), because the Court lacks subject-matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2) (B); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. [5] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b) (1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

[5]   If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Phillips v. Wagner, Not Reported in Fed. Supp. (2022)

Case 5:24-cv-00033-GTS-TWD   Document 4   Filed 03/15/24   Page 27 of 50

2022 WL 17406092

**All Citations**

Not Reported in Fed. Supp., 2022 WL 17406092

---

**End of Document**                                  © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Phillips v. Wagner, Not Reported in Fed. Supp. (2022)

2022 WL 17403441

2022 WL 17403441
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Julius PHILLIPS, Plaintiff,

v.

Bruce J. WAGNER, Reilly Dylion,
and Rebecca Bauscher, Defendants.

1:22-CV-833
|
Signed December 2, 2022

**Attorneys and Law Firms**

JULIUS PHILLIPS, Plaintiff, Pro Se, 800 State Street, Apt.
105, Schenectady, NY 12307.

## ORDER ON REPORT & RECOMMENDATION

DAVID N. HURD, United States District Judge

**\*1** On August 10, 2022, *pro se* plaintiff Julius Phillips
("plaintiff") filed this action alleging that defendants violated
his rights in connection with a New York State Family Court
child support proceeding. Dkt. No. 1. Although this matter
was initially closed due to plaintiff's failure to pay the filing
fee, Dkt. No. 2, the Clerk of the Court reopened the case
after plaintiff sought leave to proceed *in forma pauperis* ("IFP
Application"). Dkt. Nos. 3, 4.

On November 4, 2022, U.S. Magistrate Judge Miroslav
Lovric granted plaintiff's IFP Application and advised by
Report & Recommendation ("R&R") that the complaint be
dismissed without prejudice, but without leave to amend. Dkt.
No. 5. As Judge Lovric explained, better pleading could not
cure a fundamental jurisdictional defect that arose based on
the set of facts alleged; *i.e.*, clear precedent demonstrated
that state judicial officers and others acting as arms of the
state court are generally immune from suit under § 1983.
*Id.* As for plaintiff's claims against a private attorney who
appeared before the state court, Judge Lovric correctly noted
that private actors generally cannot be sued under § 1983. *Id.*

Plaintiff has filed objections. Dkt. No. 7. Upon *de novo*
review, the R&R will be accepted and adopted in all respects.
*See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED; and

2. Plaintiff's complaint is DISMISSED without prejudice and
without leave to amend for lack of subject matter jurisdiction.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2022 WL 17403441

---

**End of Document**                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Phillips v. Wagner, Not Reported in Fed. Rptr. (2023)

2023 WL 4445323

Case 5:24-cv-00033-GTS-TWD    Document 4    Filed 03/15/24    Page 29 of 50

2023 WL 4445323
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Julius PHILLIPS, Plaintiff-Appellant,

v.

Bruce J. WAGNER, Reilly Dylion,
Rebecca Bauscher, Defendants-Appellees.

23-68
|
April 25, 2023

N.D.N.Y., 22-cv-833, Hurd, J., Lovric, M.J.

**Attorneys and Law Firms**

Julius Phillips, Schenectady, NY, Pro Se.

Robert M. Carney, Office of the Schenectady County District Attorney, Schenectady, NY, for Defendants-Appellees.

Present: Guido Calabresi, Michael H. Park, Steven J. Menashi, Circuit Judges.

**Opinion**

**\*1** This Court has determined sua sponte that the notice of appeal was untimely filed. Upon due consideration, it is hereby ORDERED that the appeal is DISMISSED for lack of jurisdiction. *See* 28 U.S.C. § 2107; *Bowles v. Russell*, 551 U.S. 205, 214-15 (2007).

**All Citations**

Not Reported in Fed. Rptr., 2023 WL 4445323

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

2024 WL 757338
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Richard SIMS, Plaintiff,

v.

Rachelle C. KAUFMAN; Rachel
Tanguay AJSC, Defendants.

23-CV-7927 (LTS)
|
Signed February 14, 2024

**Attorneys and Law Firms**

Richard Sims, Birmingham, AL, Pro Se.

ORDER OF DISMISSAL WITH LEAVE TO REPLEAAD

LAURA TAYLOR SWAIN, Chief United States District
Judge:

 **\*1** Plaintiff, who is appearing *pro se*, brings this action
under 42 U.S.C. § 1983, alleging that Defendants violated his
constitutional rights. By order dated September 26, 2023, the
Court granted Plaintiff's request to proceed *in forma pauperis*
("IFP"), that is, without prepayment of fees. For the following
reasons, the Court dismisses the complaint, with 30 days'
leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of
the complaint, that is frivolous or malicious, fails to state a
claim on which relief may be granted, or seeks monetary relief
from a defendant who is immune from such relief. 28 U.S.C.
§ 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*,
141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss
a complaint when the Court lacks subject matter jurisdiction
of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the
Court is obliged to construe *pro se* pleadings liberally, *Harris
v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them
to raise the "strongest [claims] that they *suggest*," *Triestman
v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)
(internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at
475 (citation omitted), has its limits – to state a claim, *pro se*
pleadings still must comply with Rule 8 of the Federal Rules
of Civil Procedure, which requires a complaint to make a short
and plain statement showing that the pleader is entitled to
relief.

Rule 8 requires a complaint to include enough facts to state
a claim for relief "that is plausible on its face." *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is
facially plausible if the plaintiff pleads enough factual detail
to allow the Court to draw the inference that the defendant is
liable for the alleged misconduct. In reviewing the complaint,
the Court must accept all well-pleaded factual allegations as
true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it
does not have to accept as true "[t]hreadbare recitals of the
elements of a cause of action," which are essentially just legal
conclusions. *Twombly*, 550 U.S. at 555. After separating legal
conclusions from well-pleaded factual allegations, the Court
must determine whether those facts make it plausible – not
merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Richard Sims, who resides in Alabama, brings this
complaint under the court's federal question jurisdiction,
claiming that Rockland County Family Court Judge Rachel
Kaufman, and Rockland Family Court Magistrate Rachel
Tanguay "stripped away" his constitutional rights during child
support proceedings. (ECF 1 ¶ I and page 8.) The following
facts are drawn from the complaint.

On August 3, 2018, Plaintiff was "supposed to have" a remote
child support hearing in his local court, but it did not happen,
because Judge Kaufman "didn't follow proper protocol by
sending the court the proper forms." (ECF 1 ¶ I.) Judge
Kaufman told Plaintiff that it was "[his] job to deal with [his]
courthouse. [He] put a court clerk one the phone so she could
explain the rules to [Kaufman] but she became disrespectful
and rude. So the clerk told [Plaintiff] to file a motion to get
another date granted." (*Id.*) Plaintiff asserts that Defendants
denied or "overlooked" all of his motions, and that he "never
had a fair day in court." (*Id.* ¶ III.) Judge Kaufman held
Plaintiff in default, denied him a paternity test, and "named
[him] the father for both children," although Plaintiff's name
is on only one of the birth certificates. (*Id.* at 8.)

**\*2** In April 2023, "JA," who appears to be the children's mother, "tried to collect funds from" Plaintiff in Alabama, but because he is "not on child support in the system," he had to hire a lawyer. A court attorney in Alabama told Plaintiff that "it's not fair how [he has] been treated"; that he "deserves a DNA test"; and that "if it was in her jurisdiction she would give [him] one." (*Id.* at 8.) Plaintiff asks that the Court "help [him] get [his] rights back." (*Id.*)

## DISCUSSION

### A. Judicial immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges are also immune from civil rights claims for injunctive relief based on actions taken in their judicial capacities, "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "A court's control of its docket is ... a judicial act because it is part of a court's function of resolving disputes between parties." *Huminski v. Corsones*, 396 F.3d 53, 76 (2d Cir. 2005) "Even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven*, 579 F.3d at 209 (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation ...." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

New York Family Court Support Magistrates, as New York State judicial officers, enjoy this judicial immunity, when presiding over child support proceedings. *See Acre v. Turnbull*, No. 21-642, 2021 WL 5816687 (2d Cir. Dec. 8, 2021) (summary order); *Chris H. v. New York*, 764 F. App'x 53, 55 (2d Cir. 2019) (summary order); *Legister v. Radowitz*, No. 20-CV-9330 (LLS), 2020 WL 7405672, at \*5 (S.D.N.Y. Dec. 16, 2020); *Charles v. Lopez*, No. 19-CV-8706 (CM),

2019 WL 5261154, at \*2 (S.D.N.Y. Oct. 15, 2019); *Roger of the Fam. Forest v. 45 C.F.R. § 75.2 IV-D Contractor Steve Banks*, No. 18-CV-10866 (CM), 2019 WL 4194332, at \*4 (S.D.N.Y. Aug. 30, 2019) (collecting other district court cases within the Second Circuit).

Plaintiff alleges that his constitutional rights were violated because a remote hearing did not take place due to a technology problem; that he was found to be in default; that he was ordered to pay child support in the absence of a paternity test; and that he felt compelled to hire an attorney because the mother of his children made efforts to enforce the child support order in Alabama. Plaintiff, however, fails to allege any facts showing that, in presiding over Plaintiff's child support proceedings and issuing orders, Defendants acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12.

Moreover, Plaintiff appears to seek injunctive relief, but he does not allege facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable. Declaratory relief against a judge for actions taken within her judicial capacity is ordinarily available by appealing the judge's order. *See Salem v. Paroli*, 260 B.R. 246, 254 (S.D.N.Y. 2001) (dismissing Section 1983 claim for injunctive relief because declaratory relief was available through appeal in state court); *LeDuc v. Tilley*, No. 3:05-CV-0157 (MRK), 2005 WL 1475334, at \*7 (D. Conn. June 22, 2005) (same). Here, the remedy that is available to Plaintiff is to appeal within the state court system, rather than filing an action in federal court. Plaintiff has alleged no facts suggesting that he was unable to appeal any decision made by Judge Kaufman or Judge Tanguay. Because Plaintiff has not alleged facts suggesting that either judge violated a declaratory decree or that declaratory relief was unavailable, Section 1983 precludes any award of injunctive relief against these defendants.

### B. The *Younger* doctrine

**\*3** If Plaintiff's child support proceedings are pending in the New York Family Court, Bronx County, this Court may not intervene in them. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). Application of the *Younger* abstention doctrine has been extended to the three

following categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) ("*Sprint*"). Courts have held that pending state child support proceedings involve at least one of the circumstances mentioned in *Sprint* in which the *Younger* abstention doctrine should be applied. *See Francis v. Dep't of Soc. Servs.*, No. 22-CV-6860 (DSS), 2023 WL 5096145, at *4 (E.D.N.Y. Aug. 9, 2023) ("The merits of that appeal – challenging both the Family Court order and Francis's need to exhaust administrative remedies through [the Department of Social Services] – implicate New York's state interest in managing and enforcing child support payments."); *Perso v. Perso*, No. 19-CV-2858 (JMA) (SIL), 2019 WL 4415399, at *3 (E.D.N.Y. Sept. 13, 2019) (same as to ongoing divorce and child support proceedings); *Tomczyk v. N.Y. Unified Court Sys.*, No. 19-CV-2753 (JS) (AYS), 2019 WL 2437849, at *3 (E.D.N.Y. June 10, 2019) (same); *Bowman v. Morris*, No. 8:19-CV-0097 (BKS/DJS), 2019 WL 5150196, at *6 (N.D.N.Y. Apr. 10, 2019) ("[T]o the extent that the child support issues are continuing in Family Court, the Court should abstain from interfering with that process."), *report & recommendation adopted*, 2019 WL 3759174 (N.D.N.Y. Aug. 9, 2019); *Gravagna v. Eisenpress*, No. 19-CV-0700 (CM), 2019 WL 1469289, at *2 (S.D.N.Y. Apr. 2, 2019) ("[T]his Court must abstain under *Younger* from interfering in Plaintiff's ongoing state-court proceedings[ ] involving ... child support issues and 'implicat[ing] a State's interest in enforcing the orders and judgments of its courts.' " (citation and second alteration omitted)); *Brock v. City of New York*, No. 19-CV-0957 (BMC) (RML), 2019 WL 438356, at *3 (E.D.N.Y. Feb. 4, 2019) (applying *Younger* abstention to a claim in which the plaintiff asked the federal district court "to enjoin [a New York City official] from continuing to prosecute [the plaintiff's] child support obligations in New York family court" because "actions to enforce child support orders implicate important state interests").

Plaintiff has not alleged any facts showing bad faith, harassment, or irreparable injury that is both serious and immediate has occurred with respect to his child support proceedings that may be pending in the New York Family Court, Bronx County. Thus, to the extent that Plaintiff asks this Court to intervene in those pending proceedings, the Court dismisses his claims under the *Younger* abstention doctrine. [1]

[1] In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal question jurisdiction of claims involving domestic relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal question jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted). Two years after the Second Circuit issued its decision in *American Airlines*, the Supreme Court of the United States held, in *Ankenbrandt v. Richards*, that a previously recognized exception to the federal district courts' subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in actions brought under a federal district court's diversity jurisdiction. 504 U.S. 689, 703 (1992); *see id.* at 705 (allowing for the possibility that such an exception to jurisdiction could be extended to "elements of the domestic relationship even when the parties do not seek divorce, alimony, or child custody"); *see also Donohue v. Pataki*, 28 F. App'x 59, 60 (2d Cir. 2002) (summary order) ("We agree with the district court's conclusion that it lacked jurisdiction to invalidate or otherwise review the state court's decision affirming the modification of Donohue's child support payments." (citing, *inter alia*, *Ankenbrandt*, 504 U.S. at 703)). More recently, the Second Circuit, in *Deem v. DiMella-Deem*, held that regardless of the Supreme Court's holding in *Ankenbrandt*, its own previous holding in *American Airlines* remains good law. 941 F.3d 618, 621 (2d Cir. 2019). Thus, notwithstanding whether this Court is considering this action under its original federal question or diversity jurisdiction, it must either abstain from considering, or lacks subject matter jurisdiction to consider, any request by Plaintiff to issue a decision determining whether he owes child support.

## C. The *Rooker-Feldman* doctrine

**\*4** To the extent that Plaintiff asks this Court to overturn a final order or judgment issued in his concluded child support

2024 WL 757338

proceedings in the New York Family Court, Bronx County, the *Rooker-Feldman* doctrine requires the dismissal of his claims for such relief. Under the *Rooker-Feldman* doctrine, a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 644 n.3 (2002) ("The *Rooker-Feldman* doctrine ... recognizes that 28 U.S.C. § 1331[,] [the statute granting federal district courts' federal question jurisdiction,] is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments...."); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (The *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("The [*Rooker-Feldman*] doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court [of the United States] is the only federal court that has jurisdiction to review state court judgments, unless otherwise provided by Congress, *see, e.g.*, 28 U.S.C. § 2254 (habeas corpus review)." (citation omitted)). The *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction." *Exxon Mobil Corp.*, 544 U.S. at 291. This includes when a litigant seeks relief that invites a federal district court to reject or overturn a final decision of a New York Family Court as to a child support dispute brought in that state court. *See, e.g.*, *Legister*, 2020 WL 7405672, at *3 ("A plaintiff's challenge in a federal district court to 'the validity or enforcement of [a] child support order itself' is barred by the *Rooker-Feldman* doctrine." (quoting *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013))).

District court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the litigant lost in state court; (2) the litigant complains of injuries caused by a final state court order or judgment; (3) the litigant invites district court review and rejection of the final state court order or judgment; and (4) the final state court order or judgment was rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).

Inasmuch as Plaintiff criticizes any final child support decision of the New York Family Court, Bronx County, in an effort to request that this Court overturn that final decision, the *Rooker-Feldman* doctrine bars this Court from granting Plaintiff such relief. The Court therefore dismisses any claims that essentially challenge a final decision of the New York Family Court, Bronx County, arising from Plaintiff's concluded child support proceedings in that court, under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291.

**D. Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, and in light of Plaintiff's *pro se* status, the Court grants him 30 days' leave to file an amended complaint should he be able to provide additional facts in support of a viable claim arising out of his child support proceedings in state court. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action for the reasons laid out in this order.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed on immunity grounds, 28 U.S.C. § 1915(e)(2)(B)(iii) and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

**\*5** The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

## Attachment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

___ Civ. _____ ( ___ )

**AMENDED COMPLAINT**

Jury Trial: ☐ Yes  ☐ No
*(check one)*

**I.   Parties in this complaint:**

A.   List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name _____
         Street Address _____
         County, City _____
         State & Zip Code _____
         Telephone Number _____

B.   List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009* 1

Defendant No. 1   Name _____
            Street Address _____
            County, City _____
            State & Zip Code _____
            Telephone Number _____

Defendant No. 2   Name _____
            Street Address _____
            County, City _____
            State & Zip Code _____
            Telephone Number _____

Defendant No. 3   Name _____
            Street Address _____
            County, City _____
            State & Zip Code _____
            Telephone Number _____

Defendant No. 4   Name _____
            Street Address _____
            County, City _____
            State & Zip Code _____
            Telephone Number _____

**II.   Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions   ☐ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____
Defendant(s) state(s) of citizenship _____

*Rev. 12/2009* 2

**III.   Statement of Claim:**

State as briefly as possible the **facts** of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   Where did the events giving rise to your claim(s) occur? _____

B.   What date and approximate time did the events giving rise to your claim(s) occur? _____

C.   Facts: _____

| What happened to you? | _____ |
| Who did what? | _____ |
| Was anyone else involved? | _____ |
| Who else saw what happened? | _____ |

**IV.   Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

*Rev. 12/2009* 3

V.   **Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20___.

    Signature of Plaintiff   _____

    Mailing Address   _____

    _____

    _____

    Telephone Number   _____

    Fax Number *(if you have one)*   _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

    Signature of Plaintiff:   _____

    Inmate Number   _____

*Rev. 12/2000*                 4

**All Citations**

Slip Copy, 2024 WL 757338

---

**End of Document**            © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Case 5:24-cv-00033-GTS-TWD    Document 4    Filed 03/15/24    Page 36 of 50

**Legister v. Radowitz, Not Reported in Fed. Supp. (2020)**

2020 WL 7405672

2020 WL 7405672
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Paul K. LEGISTER, Plaintiff,

v.

Leah RADOWITZ; Deborah Radowitz; New York
State Child Support Unit of Goshen, NY Orange
County; Magistrate Barbara O. Afriyie, Defendants.

1:20-CV-9330 (LLS)
|
Signed 12/16/2020

**Attorneys and Law Firms**

Paul K. Legister, Beacon, NY, pro se.

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

**\*1** Plaintiff Paul K. Legister, appearing *pro se*, asserts claims under 42 U.S.C. § 1983 and state law seeking damages and injunctive relief. He sues: (1) Leah Radowitz, the mother of his child, (2) Deborah Radowitz, the mother of Leah Radowitz, (3) the "New York State Child Support Unit of Goshen, NY Orange County," and (4) Barbara O. Afriyie, a Support Magistrate of the New York Family Court, Orange County.

By order dated December 8, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. [1] For the reasons discussed below, the Court dismisses this action.

[1]    Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission's references to minor child's name must be limited to the minor child's initials. Plaintiff's complaint and IFP application list the full names of minor children. The Court has therefore directed the Clerk of Court to restrict electronic access to the complaint and IFP application to a "case-participant only" basis.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

**\*2** Plaintiff alleges the following in his complaint: On June 25, 2015, Plaintiff entered into a contract with Leah and Deborah Radowitz in which Plaintiff agreed that Leah Radowitz would retain sole custody of their minor child and, in exchange, Leah Radowitz would absolve Plaintiff of any child support obligations for that child. But in June 2016, Leah Radowitz breached the contract by filing a petition in the New York Family Court, Orange County, seeking child

Case 5:24-cv-00033-GTS-TWD    Document 4    Filed 03/15/24    Page 37 of 50

Legister v. Radowitz, Not Reported in Fed. Supp. (2020)

2020 WL 7405672

support from Plaintiff. The New York Family Court has issued judgments determining that Plaintiff owes approximately $22,000 in child support, and that court and the "New York State Child Support Unit of Goshen, NY Orange County" has attempted to collect that amount from Plaintiff.

Support Magistrate Afriyie "has violated her oath of office as a sworn in a[u]thority to uphold [Plaintiff's] U.S. Constitutional rights civil liberty to the right to contract ... saying in quote, 'There is nothing I can do pertaining to your contract although your rights to contract may be true.' " (ECF 2, at 6.)

Plaintiff has been:

> placed under arrest, harassed by all judges, Carri Wood and Magistrate ... Afriyie while deprived [of his] civil liberties, due process of law, proper counsel of representation, the right to present facts of evidence to prove said claims, frozen bank accounts, wage withholdings and garnishments, not proper just court of record, continuous frivolous claims of orders to money owed, and extortion of [his] rights to life, liberty, and the pursuit of happiness.

(*Id.*)

Plaintiff asks that all the parties' immunity from suit "be lifted," and that Support Magistrate Afriyie be stripped of her duties. (*Id.*) He also asks for damages or to "have all arrears, judgments, [and] orders of money and arrears dismissed and voided." (*Id.*)

## DISCUSSION

**A. This Court cannot set aside or modify a Family Court order or judgment concerning child support**

The Court understands Plaintiff's complaint as asserting claims in which Plaintiff asks the Court to: (1) nullify a determination of the New York Family Court, Orange County, with regard to Plaintiff's obligation to pay child support, and (2) enjoin the County of Orange from garnishing Plaintiff's

income to pay his child-support arrears. Under the *Rooker-Feldman* doctrine, however, this Court lacks subject-matter jurisdiction to consider any of Plaintiff's claims challenging the validity or enforcement of the Family Court's final orders or judgments. In the alternative, under the domestic-relations abstention doctrine, the Court must abstain from exercising its federal-question jurisdiction over these claims. [2]

[2]     Plaintiff has invoked the Court's federal-question jurisdiction by asserting claims under 42 U.S.C. § 1983 in which he asserts that the defendants have violated his federal constitutional rights. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**1. The *Rooker-Feldman* doctrine**

Federal district courts lack authority to review state-court final orders and judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments....").

"[I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F. 3d 77, 88 (2d Cir. 2005). Federal review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district-court review and rejection of the state-court judgment; and (4) the state-court judgment must have been rendered before the district-court proceedings commenced. *Id.* at 85 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

**\*3** A plaintiff's challenge in a federal district court to "the validity or enforcement of [a] child support order itself" is barred by the *Rooker-Feldman* doctrine. *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013). Thus, a plaintiff's request that this Court review and overturn an order or judgment of a New York Family Court determining that the plaintiff owes child support or setting the amount of child support owed is barred by that doctrine. *See, e.g., Hall v. Clinton Cnty.*, No. 8:18-CV-1405, 2020 WL 1923236,

Legister v. Radowitz, Not Reported in Fed. Supp. (2020)

2020 WL 7405672

at *4 (N.D.N.Y. Apr. 21, 2020); *Williams v. NYU Hosp. Ctr. Fin. & Payroll Support*, No. 19-CV-11612, 2020 WL 1878119, at *3 (S.D.N.Y. Apr. 14, 2020) (citing *Remy v. New York State Dep't of Taxation and Fin.*, 507 F. App'x 16, 18 (2d Cir. 2018) (summary order)); *Ganiyu v. Lopez*, No. 1:19-CV-11605, 2020 WL 1467356, at *2-3 (S.D.N.Y. Mar. 25, 2020); *see also Davis v. Westchester Cnty. Family Court*, No. 16-CV-9487, 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017) ("Courts have repeatedly invoked *Rooker-Feldman* in cases in which plaintiffs challenge family court decrees setting child support arrears.... The fact that Plaintiff is challenging the constitutional adequacy of the proceedings is of no help to him, as many of the cases cited above (and others) have arisen in identical contexts.") (internal quotation marks and citation omitted).

The *Rooker-Feldman* doctrine also bars claims arising out of a third party's actions when those actions "are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Hoblock*, 422 F.3d at 88 (holding that "[w]here a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that" the *Rooker-Feldman* doctrine bars). "Courts have applied this doctrine to bar claims challenging the enforcement of child-support orders by garnishment, seizure, and suspension of a child-support debtor's driver's license." *Ganiyu*, 2020 WL 1467356, at *3 (collecting cases).

Plaintiff's complaint challenges final orders and judgments of the New York Family Court, Orange County, issued before Plaintiff filed this action, in which the Family Court determined that Plaintiff owes child support and set an amount owed. By asking this Court to order "all arrears, judgments, orders of money and arrears dismissed and voided" (ECF 2, at 6), Plaintiff challenges the validity of those final orders and judgments Thus, those claims for relief are barred by the *Rooker-Feldman* doctrine, and the Court dismisses them for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291 (the *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction").

### 2. The domestic-relations abstention doctrine

In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal-question jurisdiction over claims involving domestic-relations issues, so long as those claims could be fully and fairly determined

in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal-question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted).

Two years after the Second Circuit issued its decision in *American Airlines*, the Supreme Court of the United States held, in *Ankenbrandt v. Richards*, that a previously recognized exception to the federal district courts' subject-matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in actions brought under a federal district court's diversity jurisdiction. 504 U.S. 689, 703 (1992).

**\*4** On October 30, 2019, the Second Circuit, in *Deem v. DiMella-Deem*, held that regardless of the Supreme Court's holding in *Ankenbrandt*, its own previous holding in *American Airlines* remains good law. 941 F.3d 618, 621 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 2763 (2020). Thus, "[a]lthough the domestic relations 'exception' to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrandt* ... does not apply in federal-question cases, the domestic relations *abstention* doctrine articulated in *American Airlines* does." *Id.* Federal district courts must therefore abstain from exercising federal-question jurisdiction over claims involving domestic-relations issues and dismiss those types of claims for lack of jurisdiction when they are asserted under diversity jurisdiction. *See id.* at 621-24.

Plaintiff asserts claims under the Court's federal-question jurisdiction and asks this Court to overturn or "dismiss and void" final determinations of the New York Family Court, Orange County. (ECF 2, at 6.) He challenges the fact that he must pay child support, the amount owed, and that his income is being garnished to pay his child-support arrears. His claims therefore involve domestic-relations issues. Thus, unless he shows that there is an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts, this Court must abstain from exercising its federal-question jurisdiction over his claims arising from the Family Court's orders and judgments and their enforcement. *Am. Airlines*, 905 F.2d at 14; *Simmons v. NYS Dep't of Soc. Servs.*, No. 19-CV-3633, 2019 WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5, 2019) ("Thus, even if *Rooker-Feldman* did not bar Plaintiff's claim asking this Court to review a support order that the Family Court issued, calculation of support

Legister v. Radowitz, Not Reported in Fed. Supp. (2020)

2020 WL 7405672

Case 5:24-cv-00033-GTS-TWD   Document 4   Filed 03/15/24   Page 39 of 50

payments is the type of domestic relations issue that the Court generally abstains from hearing"); *Myers v. Sara Lee Corp.*, No. 08-CV-1421, 2009 WL 10706711, at \*10 (E.D.N.Y. Apr. 13, 2009) ("As in *American Airlines*, the income execution for which enforcement is sought consists of an ongoing support obligation that is subject to modification by the Family Court. Enforcement by this court would thus require interference with the ability of the Family Court to modify ongoing child support obligations, and abstention would be mandated here for the same reasons it was required as to the non-final judgment amounts in *American Airlines*.").

Plaintiff alleges no facts suggesting that there are any obstacles preventing him from receiving a full and fair determination regarding whether he owes child support, the amount owed, or the garnishment of his income to pay arrears. Accordingly, under the domestic-relations abstention doctrine, the Court alternatively abstains from exercising its federal-question jurisdiction over Plaintiff's federal-law claims arising from those issues.

**B. Support Magistrate Barbara O. Afriyie**
Plaintiff's claims under § 1983 against Support Magistrate Barbara O. Afriyie are also barred under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for claims for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (§ 1983). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). And as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

\*5 Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in the complete absence of all jurisdiction." *Mireles* 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*,

435 U.S. 349, 356 (1978). "District courts within this Circuit have applied this immunity doctrine to New York Family Court Support Magistrates," like Afriyie. *Roger of the Family Forest v. 45 C.F.R. § 75.2 IV-D Contractor Steve Banks*, No. 18-CV-10866. 2019 WL 4194332, at \*4 (S.D.N.Y. Aug. 30, 2019) (collecting cases).

Plaintiff asserts claims arising from the efforts of Afriyie, a New York Family Court Support Magistrate, to assess and collect child support that Plaintiff owes pursuant to Family Court orders and judgments. Afriyie is therefore immune from suit under the doctrine of judicial immunity. Accordingly, the Court additionally dismisses Plaintiff's claims under § 1983 against Afriyie under the doctrine of judicial immunity and because these claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *Mills v. Fischer*, 645 F. 3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915).[3]

3      The amendment to § 1983, allowing for injunctive relief against a judge only if a state-court declaratory decree was violated or state-court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive relief against Afriyie. This is so because Plaintiff can seek review, by a Family Court Judge, of a Support Magistrate's rulings, and if unsuccessful, appeal a Family Court Judge's decision in the state appellate courts. *See* N.Y. Family Court Act §§ 439(e), 1112; N.Y.C.P.L.R. § 5602(a)(1), (b)(2); *see generally*, *Berlin v. Meija*, No. 15-CV-5308, 2017 WL 4402457, at \*4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

**C. New York State Child Support Unit of Goshen, NY Orange County**
The Court understands the "New York State Child Support Unit of Goshen, NY Orange County" to be the Orange County Child Support Collection Unit ("SCU"). The Court must dismiss Plaintiff's remaining claims under § 1983 against this SCU because municipal agencies, such as this SCU, which is an agency of the County of Orange, do not have the capacity to be sued under New York State law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp.

Legister v. Radowitz, Not Reported in Fed. Supp. (2020)

2020 WL 7405672

Case 5:24-cv-00033-GTS-TWD   Document 4   Filed 03/15/24   Page 40 of 50

2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

The Court construes these claims as brought against the County of Orange. When a plaintiff sues a municipality, such as the County of Orange, under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under § 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven,* 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

*6 Plaintiff fails to allege any facts that suggest that a policy, custom, or practice of the County of Orange caused a violation of Plaintiff's federal constitutional rights. The Court therefore dismisses any remaining claims under § 1983 against the County of Orange for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii); *Collins v. Saratoga Cnty. Support Collection Unit*, No. 1:12-CV-0494, 2012 WL 2571284, *2-3 (N.D.N.Y. July 3, 2012) (dismissing the plaintiff's claims under § 1983 against the Saratoga County Child Support Collection Unit because the plaintiff failed to plead facts showing municipal liability under § 1983), *aff'd,* 528 F. App'x 15 (2d Cir. 2013) (summary order).

### D. Leah and Deborah Radowitz

The Court dismisses Plaintiffs' claims under § 1983 against Leah and Deborah Radowitz. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins,* 487 U.S. 42, 48-49 (1988). "Because the United States Constitution regulates only the Government, not private parties, [in a claim brought under § 1983,] a litigant challenging that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.' " *Flagg v. Yonkers Sav. & Loan Ass'n,* 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Thus, private parties are generally not state actors, and are therefore not usually liable under § 1983. *Sykes,* 723 F.3d at 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001)).

Leah and Deborah Radowitz are private individuals. And Plaintiff does not allege any facts that suggest that they were acting under color of state law when they allegedly injured him. The Court therefore dismisses Plaintiff's claims under § 1983 against Leah and Deborah Radowitz for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### E. Claims under state law

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.' " (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### F. Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's

complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

**\*7** Plaintiff has consented to electronic service of court documents. (ECF 3.) The Court dismisses this action.

The Court dismisses Plaintiff's claims that challenge final orders and judgments of the New York Family Court, Orange County, under the *Rooker-Feldman* doctrine, for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and alternatively, under the domestic-relations abstention doctrine first articulated by the Court of Appeals in *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990).

The Court dismisses Plaintiff's remaining claims under 42 U.S.C. § 1983 against New York Family Court Support Magistrate Barbara O. Afriyie as frivolous and for seeking monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court dismisses Plaintiff's claims under § 1983 against Leah Radowitz, Deborah Radowitz, and "New York State Child Support Unit of Goshen, NY Orange County" for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. 28 U.S.C. § 1367(c)(3).

SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 7405672

---

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

Case 5:24-cv-00033-GTS-TWD   Document 4   Filed 03/15/24   Page 42 of 50

Simmons v. NYS Dept of Social Services, Not Reported in Fed. Supp. (2019)

2019 WL 5810307

2019 WL 5810307
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Ricardo R. SIMMONS, Jr, Plaintiff,

v.

NYS DEPT OF SOCIAL SERVICES; NYS
Dept of Child Support Services; Rockland
County Child Support Services/DSS; Onadaga
County Child Support Services/DSS, Defendants.

19-CV-3633 (CM)
|
Signed 11/04/2019
|
Filed 11/05/2019

**Attorneys and Law Firms**

Ricardo R. Simmons, Jr., Bronx, NY, pro se.

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

 **\*1** Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging that Defendants violated his rights. By order dated May 3, 2019, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff then filed a motion seeking to "suspend action" by the New York State Department of Social Services in connection with his past-due child support and "restore his rights." The Court notified Plaintiff that, unless he filed an amended complaint as directed, the Court would construe his motion as an amended complaint. Plaintiff filed nothing further, and the Court therefore construes his motion (ECF No. 6) as the operative amended complaint. For the reasons set forth below, the Court dismisses the amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.,*

141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest,*" *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (internal quotations and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff Ricardo Simmons includes the following facts in his amended complaint. In 1989, the Rockland County Department of Social Services (DSS) "summoned" Simmons to the Rockland County Courthouse. Simmons appeared before Judge Jane Doe, and Jane Doe Public Defender represented Plaintiff. Simmons was taken to a room and told that he "had to sign several papers about a child born to ... Sherri Bookwalter." (Am. Compl., ECF No. 6, at 22.) Plaintiff asked what papers he was signing and was told that it was the "child's birth certificate and other papers pertaining to his health." (*Id.*) Plaintiff asked, "Is that all?" and the Public Defender told him that it was. Plaintiff seems to argue that he did not consent to pay child support: "Who in the[i]r right mind would knowingly enter into something that would ruin their credit[,] their ability [to] gain employment and their ability to get housing not t[o] mention being incarcerated." (*Id.* at 23.)

Several months later, Plaintiff was notified that he was required to appear in the Family Court and "was told [that he] was in violation of a court order" for child support. Plaintiff indicated that he was unaware of any child support order and was told that he "had signed papers with DSS that said [he] would pay child support." (*Id.* at 22.) Plaintiff asked to see the papers that he had allegedly signed but never received a copy. One week later, on an unspecified date in 1989 or 1990, Plaintiff "was arrested and sent to jail" for nonpayment of child support. Plaintiff "challenged the validity of the order," but he does not plead any facts about the outcome of that challenge. (*Id.*)

 **\*2** Plaintiff was "then handed a notice that [he] was being brought to court for a child [L.R.] again having no knowledge of the child or that his mother had filed for" income support. "[I]n a few instances, Plaintiff was picked up in the streets on ... bogus warrants issued by judge[s] Jane Doe and John

Case 5:24-cv-00033-GTS-TWD   Document 4   Filed 03/15/24   Page 43 of 50

Simmons v. NYS Dept of Social Services, Not Reported in Fed. Supp. (2019)

2019 WL 5810307

Doe, locked up and then brought to court never being told why a warrant was issued for me but then let go." (*Id.*) After being incarcerated, Plaintiff was "brought before the judge ... and told that [he] had to make a payment agreement or [he] wouldn't be released." (*Id.*) Plaintiff's court-appointed counsel told him that he "ha[d] to agree." (*Id.*)

Plaintiff contends that he had a recorded conversation with a judge in Onondaga County, and he "sent in several modifications stating that [his] son was currently incarcerated and [he] has the documents to prove" it. (*Id.*)

Plaintiff includes a document from the Onondaga Family Court stating that as of June 2, 2017, he owed child support arrears of $4,483.83, in connection with court orders entered on February 24, 2006. (*Id.* at 5.) The 2017 notice states that unless Plaintiff pays that amount or takes appropriate action to challenge the arrears within 45 days, the Onondaga County Child Support Enforcement Unit (CSEU) will notify the New York State Department of Motor Vehicles (DMV) to suspend his driving privileges. (*Id.* at 5.) Plaintiff also attaches a notice dated June 13, 2017, from the County of Onondaga DSS that states:

> I am in receipt of your challenge to DMV, in which you claim charges are fraudulent. Your Rockland County Order Dated 12/16/97 was transferred here in 2005 as mother & child moved to Onondaga County. At the time of the transfer current care was metering at $20 weekly per Rockland County $4120 was due to Dept of Social Services & $420 was due to Petitioner/ Diane. There were three modification petitions requested in 2005, 2006 & 2007. All dismissed for failure to appear. The order continued to meter at $20 weekly til child: Lloyd was emancipated on 8/30/2009. (21st birthday) You claim you are demanding a court date. You must file a petition on Onondaga County Family Court in order to have your day in court. Their #315/671-2000. You will need a petition, co[p]y of the order & teleconference o[r]ders to testify via telephone ... The sy[s]tem shows ...

tota[l] due was $9325.00 of which $4868.17 was received through 4/9/13. The remain[ing] arrears balance is: $4483.83....

(*Id.* at 4.) Plaintiff filed a Family Court petition on June 22, 2017, seeking "modification of arrears and modification of order of support." (*Id.* at 7.) By order dated July 27, 2017, the Onondaga Family Court dismissed the petition without prejudice to Plaintiff's refiling it, stating that "after examination and inquiry into the facts and circumstances of the case ... the petition is dismissed due to failure to state cause of action (petition is insufficient on its face). (*Id.*) The order further indicates that objections may be filed within 30 days. (*Id.*)

Plaintiff also attaches a more recent "child support bill as of 3/29/2019" stating that the past due balance was $4483.83 and listing a credit for $693.92, for a "new past due balance: $3.789.91." (*Id.* at 13.)

On an unspecified date, DSS "took $100.00" from Plaintiff's account at Chase Bank, and he seeks damages for this "double dipping." (*Id.* at 22.) Plaintiff also seeks to have information about child support arrears "cleared immediately" from his "credit history." (*Id.*)

Plaintiff asks "the court to suspend action by DSS further" and wants all of his "rights restored." (*Id.* at 1.) Plaintiff requests $100,000 in damages for Defendants' having taken "monies from [his] account, *i.e.*, double dipping and never returning it." (*Id.*) In his amended complaint, Plaintiff names the New York State DSS; the Rockland County CSEU, and the Onondaga County DSS.

## DISCUSSION

### A. No Jurisdiction to Review State Court Orders

**\*3** Federal district courts lack authority to review state court orders. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (noting that "28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments."); *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) (district courts are not authorized "to exercise appellate jurisdiction over state-court judgments").

"[I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F. 3d 77, 85 (2d Cir. 2005). Federal review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by the state court judgment"; (3) "the plaintiff must invite district court review and judgment of the state court judgment"; and (4) "the state court judgment must have been rendered before the district court proceedings commenced." *Id.* at 83-92 (relying on *Exxon Mobil Corp.*, 544 U.S. at 284).

### 1. Paternity

Under New York law, an Acknowledgment of Paternity "shall establish the paternity of a child and have the same force and effect as an order of paternity or filiation issued by a court of competent jurisdiction." Public Health Law § 4135–a(3) (a); Family Court Act § 516–a(a); *see also Emily R. v. Emilio R.*, 53 Misc. 3d 325, 331-32 (N.Y. Fam. Ct. 2016) (describing limited options under New York law to challenge or rescind an Acknowledgment of Paternity, FCA § 516–a(b)(iv)).

Here, the acknowledgments of paternity establishing that Plaintiff is the father of these children became final decades before Plaintiff brought this action; thus, judgments adverse to Plaintiff were entered before this action was filed, and the first and fourth *Rooker-Feldman* requirements are satisfied. Because Plaintiff challenges the validity of the paternity orders, this claim complains of injuries caused by state court judgments. Although Plaintiff argues that he did not intend to consent to payment of child support (rather than arguing that he is not the father of the children, at least one of whom he refers to as "my son"), the "injury" of paying child support follows from the determination that Plaintiff is the legal father of the children. Plaintiff's claim, attempting to "restore his rights" not to pay child support arrears and "suspend enforcement" on the ground that he did not "knowingly enter into" a paternity order, thus invites "district court review and judgment of the state court judgment" regarding paternity. *Hoblock*, 422 F. 3d at 85.

This Court lacks jurisdiction to review and overturn state court decisions, including the acknowledgment of paternity that is the basis for imposing child support, and the Court must therefore dismiss Plaintiff's challenge to the validity of the paternity order.

### 2. Challenge to Child Support Arrears

To the extent that Plaintiff asks this Court to reconsider the Family Court's determination that he owes child support arrears, the *Rooker-Feldman* doctrine also bars such a claim. Plaintiff's arguments are not entirely clear, but he appears to reassert in this complaint the arguments that he made to the Family Court – that child support should not have accrued during periods when his son was incarcerated, and that the amount owed was "fraudulent" or incorrectly determined when the child moved from Rockland to Onondaga County. Plaintiff also submits documents, some dating back to 1997, which state that various warrants were vacated and canceled (without affecting the underlying child support orders), and he may be seeking to show that certain amounts were not properly credited.

**\*4** Plaintiff attaches a Family Court order dated July 27, 2017, rejecting his motion to modify arrears and the order of support on the ground that the "petition is insufficient on its face." [1] Because orders of the Family Court have determined the amount of Plaintiff's child support arrears, and this Court lacks jurisdiction to review such orders, the Court must dismiss Plaintiff's challenges to the calculation of the arrears that he owes. The Court cannot entertain Plaintiff's request that it "suspend action by DSS," insofar as this would require that the Court review and overturn the Family Court decisions that Plaintiff owes child support arrears. [2]

[1]    Nothing in the July 27, 2017 Family Court order, which dismissed Plaintiff's claim seeking to modify arrears owed "without prejudice," appears to prevent him from filing a new petition in the Family Court to modify the arrears, in which he can attempt to show that he had good cause for failing to apply for relief prior to accrual of the arrears. *See* N.Y. Family Court Act § 451 ("[T]he court shall not reduce or annul any other arrears unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing payment prior to the accrual of the arrears.").

[2]    "[W]here a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child," courts have applied a domestic relations exception to diversity jurisdiction. *See Deem v. Deem* No. 18-2266, —— F.3d ——, 2019 WL 5581584, at \*2 (2d

Simmons v. NYS Dept of Social Services, Not Reported in Fed. Supp. (2019)

2019 WL 5810307

Cir. Oct. 30, 2019) (citing *Barber v. Barber*, 62 U.S. (21 How.) 582, 584 (1859)). "Although the domestic relations 'exception' to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), does not apply in federal-question cases, the domestic relations abstention doctrine articulated in *American Airlines* [*Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)] does." *Id.* at *2. Thus, even if *Rooker-Feldman* did not bar Plaintiff's claim asking this Court to review a support order that the Family Court issued, calculation of support payments is the type of domestic relations issue that the Court generally abstains from hearing.

**B. Levying to Collect Child Support Arrears**

Plaintiff attaches an Income Withholding Order dated March 25, 2019, which directs the Social Security Administration to deduct $36.00 weekly for past-due child support.[3] Plaintiff contends that on an unspecified date, $100.00 was withdrawn from his account at Chase Bank. He states that he is "seeking monetary judgment against the DSS for double dipping into my [C]hase acct where they took $100.00 And not returning it and I want it and compounding a daily interest at 60%." (Am. Compl. at 22.) The *Rooker-Feldman* doctrine does not prevent the Court from reaching this challenge because enforcement is "wholly separate from the validity of the underlying [child support] order." *Sykes v. Bank of America*, 723 F.3d 399, 404 (2d Cir. 2013).

[3]    In the Court's order granting Plaintiff leave to amend, the Court noted that because Social Security Disability Insurance program (SSDI) benefits, unlike Supplemental Security Income (SSI) benefits, are "based upon remuneration for employment," 42 U.S.C. § 659(h)(1)(A)(ii)(I), such benefits are not categorically exempt from garnishment. *Sykes v. Bank of America*, 723 F.3d 399, 404 (2d Cir. 2013) (holding that because SSI benefits are not monies received in remuneration for employment, SSI benefits are not attachable). In the amended complaint, Plaintiff does not argue that his SSDI benefits are not attachable.

Plaintiff's allegations that Defendant DSS took more money in a single withdrawal than the Family Court Income Withholding Order authorized can be construed as a claim that he was deprived of his property without due process. The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a property (or liberty) interest protected by the United States Constitution or federal statutes and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)).

 *5  "[I]n situations where the State feasibly can provide a predeprivation hearing before taking property, it must do so regardless of the adequacy of the postdeprivation remedy." *Zinermon v. Burch*, 494 U.S. 113, 132 (1990); *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 467 (2d Cir. 2006) ("[W]hen the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing"). But when a plaintiff brings a procedural due process claim based on random unauthorized acts by state employees, a post-deprivation hearing is the only form of due process that can be made available because the state could not have predicted that the deprivation would occur. *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (1996).

Nothing in Plaintiff's amended complaint suggests that excess money for child support arrears was taken pursuant to an established DSS policy. It therefore appears that Plaintiff is asserting a claim for a random, unauthorized taking of his money. In this context, no due process claim will lie where a post-deprivation process is available to the plaintiff in the state court. Plaintiff has a remedy in the state court for an overcharge in the enforcement of his child support arrears. As such, he cannot state a claim under § 1983 for a denial of his right to procedural due process based on the alleged overcharge in collecting child support. The Court therefore dismisses Plaintiff's procedural due process claim premised on the withdrawal of $100.00, for failure to state a claim on which relief can be granted.

**C. Suspension of Driver's License**

Plaintiff's claim that his driver's license was unlawfully suspended could also be construed as a potential procedural due process claim. New York law has an established procedure for notifying a child support debtor before suspending his driver's license and providing an opportunity for him to be heard. When child support arrears total four months or more of support payments, the Support Collection Unit "shall notify the support obligor in writing that his ... continued failure to pay the support arrears shall result in notification to the department of motor vehicles to suspend the support obligor's driving privileges...." N.Y. Soc. Serv.

Case 5:24-cv-00033-GTS-TWD    Document 4    Filed 03/15/24    Page 46 of 50

Simmons v. NYS Dept of Social Services, Not Reported in Fed. Supp. (2019)

2019 WL 5810307

Law § 11-b(12)(b)(1). [4] "A support obligor who has received such a notice may avoid the suspension" by (1) making full payment of all past due support; (2) making satisfactory payment arrangements for current and past due support, or (3) documenting that he is receiving public assistance or supplemental security income, or that his income falls below the self-support reserve. N.Y. Soc. Serv. Law § 111-b(12)(e).

[4]     The Support Collection Unit must provide the notice "by first class mail to the support obligor's last known address or such other place where the support obligor is likely to receive notice, or in the same manner as a summons may be served. Forty-five days after the date of such notice, if the support obligor has not challenged the determination of the support collection unit ... or if the support obligor has failed to satisfy the arrears/past due support ..., the department shall notify the department of motor vehicles that the support obligor's driving privileges are to be suspended" N.Y. Soc. Serv. Law § 111-b.

If an obligor whose driving privileges were suspended did not actually receive the required notice, he "may at any time request a review" from the Support Collection Unit. If the Support Collection Unit determines that the obligor either "has not accumulated" four months of support arrears, or that he meets any of the requirements in N.Y. Soc. Serv. Law § 111-b(12)(e) for avoiding suspension (such as making a payment arrangement or demonstrating income below certain levels), then the Support Collection Unit shall notify the DMV that the suspension of driving privileges shall be terminated. *See* N.Y. Soc. Serv. Law § 111-b(12)(f).

**\*6** New York's established procedures thus provide for predeprivation notice and an opportunity to be heard before suspension of a driver's license. If, as a result of random and unauthorized action, a child support obligor does not receive the required notice, New York law also provides an opportunity for review and termination of the suspension if the obligor makes the required showing. N.Y. Soc. Serv. Law § 111-b(12)(f).

Plaintiff attaches to the amended complaint a copy of the notice that his driver's license would be suspended because of child support arrears and documents showing that he then filed a petition in the Family Court to modify the child support arrears. The Family Court concluded, however, that Plaintiff's petition was inadequate on its face and denied it. These

allegations do not state a claim that Plaintiff was deprived of his driver's license without predeprivation notice and an opportunity to be heard, even though Plaintiff did not prevail in the Family Court.

Moreover, courts in this Circuit have repeatedly rejected substantive due process challenges based on the denial of a driver's license or revocation of a passport to an individual who owes child support arrears. *See, e.g., Collins v. Saratoga Cnty. Support Collection Unit,* No. 12-CV-494, 2012 WL 2571288, at \*5 (N.D.N.Y. July 3, 2012) (holding that temporary suspension of the plaintiff's driver's license in connection with child support arrears, even if erroneous, did not violate his substantive due process rights), *aff'd,* 528 F. App'x 15 (2d Cir. 2013); *Weinstein v. Albright,* 2000 WL 1154310, at \*5 (S.D.N.Y. 2000) (rejecting substantive due process challenge to federal law authorizing the denial or revocation of a passport to an individual who owes child support arrears exceeding $ 5,000), *aff'd,* 261 F.3d 127, 142-43 (2d. Cir. 2001). The Court therefore dismisses Plaintiff's Fourteenth Amendment claims in connection with suspension of his driver's license for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Fair Credit Reporting Act

Federal law, in Title IV, Part D, of the Social Security Act, requires each state to have a law allowing past due child support to be reported to consumer reporting agencies. Under New York law, each social services district shall "report periodically to consumer reporting agencies (as defined in section 603(f) of the Fair Credit Reporting Act (15 U.S.C. § 1681a(f)) information regarding past-due support owed by the parent owing support." N.Y. Soc. Serv. Law § 111-c. Child support debtors are notified before child support arrears are reported. *See* N.Y. Soc. Serv. Law § 111-c ("A social services official, at least ten days prior to making the information available to a consumer reporting agency, must provide notice to the parent who owes the support informing such parent of the proposed release of the information to the consumer reporting agency and informing such parent of the opportunity to be heard and the methods available for contesting the accuracy of the information.").

Plaintiff's allegations that Defendants violated his rights by reporting his child support arrears to credit bureaus could be construed as attempting to assert a claim under the Fair Credit Reporting Act (FCRA). Defendants have reported Plaintiff's child support arrears as required under N.Y. Soc. Serv. Law § 111-c. Plaintiff requests removal of this information

Case 5:24-cv-00033-GTS-TWD   Document 4   Filed 03/15/24   Page 47 of 50
Simmons v. NYS Dept of Social Services, Not Reported in Fed. Supp. (2019)
2019 WL 5810307

from his credit report, apparently because he objects to the determination that he owes past due child support. *See, e.g., Gottlieb v. City of New York*, 129 A.D.3d 724, 726 (N.Y. App. Div. 2015) (dismissing claims where "[t]he substance of the cause of action alleging a violation of the Fair Credit Reporting Act was, in essence, a challenge to the determination by the OCSE that the petitioner's account was in arrears, which authorized the OCSE, pursuant to Social Services Law §§ 111–b, 111–c, and 111–t, to take enforcement action and report his arrears to the credit reporting agencies"). As set forth previously, a parent can seek relief in the state court to modify child support arrears. N.Y. Family Court Act § 451. Plaintiff's efforts to modify the arrears have so far been rejected, and there is no basis for concluding that Defendants' reporting of the amount of child support arrears is unlawful. Plaintiff's allegations that Defendants reported his child support arrears thus fail to state a claim under the FCRA, and the Court must reject his request that it order Defendants to have it immediately removed from his credit reports.

 **\*7** District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend and has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction over any state law claims that Plaintiff is asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 5810307

---

Case 5:24-cv-00033-GTS-TWD Document 4 Filed 03/15/24 Page 48 of 50

Bythewood v. New York, Not Reported in Fed. Rptr. (2023)

2023 WL 6152796

2023 WL 6152796
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

David A. BYTHEWOOD, Plaintiff-Appellant,

v.

The State of NEW YORK, the Appellate Division
Second Department of the Supreme Court of the State
of New York, Justice Leonard Austin, Justice Alan D.
Scheinkman, Justice Mark C. Dillon, Justice Robert
J. Miller, Hong Kong Shanghai Corporation
Bank USA, N.A. (HSBC), Defendants-Appellees.

22-2542-cv
|
September 21, 2023

Appeal from a judgment of the United States District Court
for the Eastern District of New York (LaShann DeArcy Hall,
*District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY
ORDERED, ADJUDGED, AND DECREED** that the
judgment of the district court is **AFFIRMED**.

**Attorneys and Law Firms**

For Plaintiff-Appellant: David A. Bythewood, pro se,
Mineola, NY.

For State Defendants-Appellees: David Lawrence III,
Assistant Solicitor General (Matthew W. Grieco, Senior
Assistant Solicitor General, Barbara D. Underwood, Solicitor
General, on the brief), for Letitia James, Attorney General of
the State of New York, New York, NY.

For Defendant-Appellee HSBC: Leah N. Jacob, Greenberg
Traurig, LLP, New York, NY.

Present: Denny Chin, William J. Nardini, Alison J. Nathan,
Circuit Judges.

**SUMMARY ORDER**

**\*1** Plaintiff-Appellant David A. Bythewood, an attorney
proceeding *pro se*, appeals from a judgment of the United
States District Court for the Eastern District of New York
(LaShann DeArcy Hall, *District Judge*), entered on October
3, 2022, dismissing his claims against the State of New

York, the Second Judicial Department of the Appellate
Division of the New York State Supreme Court (the "Second
Department"), four Second Department justices (collectively
with the Second Department, the "Judicial Defendants"),
and Hong Kong Shanghai Bank Corporation Bank USA,
N.A. ("HSBC"). In his lawsuit before the district court,
Bythewood challenged the Second Department's reopening
after the passage of several years of a foreclosure proceeding
against HSBC, in which HSBC had initially defaulted. *See
generally HSBC Bank USA, N.A. v. Arias*, 187 A.D.3d 1158,
1158 (N.Y. App. Div. 2020); *Bythewood v. Renaissance
Mortg. Acceptance Corp.*, 187 A.D.3d 1121, 1122 (N.Y.
App. Div. 2020). Bythewood sought declaratory relief from
the Second Department's decisions, arguing that the Second
Department's retroactive application of certain cases violated
his federal rights. The district court dismissed Bythewood's
claims against the state and the Judicial Defendants, holding
they are barred by Eleventh Amendment sovereign immunity
and judicial immunity, and declined to exercise supplemental
jurisdiction over the state law claims against HSBC. *See
Bythewood v. New York*, No. 21-cv-4628, 2022 WL 4661568,
at \*2–3 (E.D.N.Y. Sept. 30, 2022). This appeal followed. We
assume the parties' familiarity with the case.

"In reviewing a district court's dismissal of a complaint for
lack of subject matter jurisdiction, we review factual findings
for clear error and legal conclusions *de novo*." *Maloney v. Soc.
Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008). Furthermore,
we review *de novo* a district court's dismissal for failure to
state a claim upon which relief can be granted, "accepting as
true all of the complaint's well-pleaded facts." *Washington v.
Barr*, 925 F.3d 109, 113 (2d Cir. 2019). Although we generally
review *pro se* submissions with "special solicitude," liberally
construing them "to raise the strongest arguments that they
suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,
475 (2d Cir. 2006),[1] no such special solicitude is afforded to
*pro se* attorneys, *cf. Harbulak v. Suffolk Cnty.*, 654 F.2d 194,
198 (2d Cir. 1981).

[1]     Unless otherwise indicated, case quotations omit
       all internal quotation marks, alterations, footnotes,
       and citations.

We agree with the district court that Bythewood's claims
against the State of New York and the Judicial Defendants
are barred by Eleventh Amendment sovereign immunity. The
Eleventh Amendment precludes suits against a state unless
the state expressly waives its immunity or Congress abrogates
that immunity. *See CSX Transp., Inc. v. N.Y. State Off. of Real*

Case 5:24-cv-00033-GTS-TWD  Document 4  Filed 03/15/24  Page 49 of 50
**Bythewood v. New York, Not Reported in Fed. Rptr. (2023)**

2023 WL 6152796

*Prop. Servs.*, 306 F.3d 87, 94–95 (2d Cir. 2002). Furthermore, Eleventh Amendment immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). The New York State Unified Court System is "unquestionably an arm of the state" that shares in New York's immunity to suit. *Id.* at 368. Moreover, "there is no suggestion of congressional abrogation or state acquiescence." *Id.* at 366. While Bythewood seeks refuge in *Ex parte Young*, 209 U.S. 123 (1908), an exception to sovereign immunity, he is asking for retrospective declaratory relief based on past judicial actions, not prospective injunctive relief, making *Ex parte Young* inapplicable. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining that *Ex parte Young* "applies only to prospective relief, [and] does not permit judgments against state officers declaring that they violated federal law in the past"). Retrospective declaratory relief cannot otherwise serve as an "end run" around "the Eleventh Amendment's bar on retrospective awards of monetary relief." *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000). And to the extent that Bythewood seeks injunctive relief against the Judicial Defendants, such claims would not be available in these circumstances under 42 U.S.C. § 1983. Therefore, Bythewood's claims that the Second Department applied state law in a way that violated his federal rights are barred by Eleventh Amendment immunity. [2]

[2]    While we need not definitively resolve the issue, to the extent that Bythewood seeks the functional equivalent of federal appellate review of the Second Department's decisions, his claims would likely be barred by the *Rooker-Feldman* doctrine, which prevents federal courts from reviewing and rejecting state court judgments. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005) ("[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments ....").

**\*2** Bythewood's claims against the Second Department justices in their individual capacities are also barred by absolute judicial immunity. "[J]udges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Again, while Bythewood framed his request in the context of past declaratory relief, he cannot avoid the application of immunity by seeking a declaration that a judge violated his

federal rights through prior adverse rulings. *Cf. Ward*, 207 F.3d at 120.

Bythewood argues that judicial immunity does not bar his claims because the Second Department did not have jurisdiction to rule on the foreclosure proceeding as, under C.P.L.R. § 5511, an aggrieved party cannot appeal from a judgment or order entered upon his default. This argument is unpersuasive. Judges are entitled to absolute judicial immunity unless they act "in the complete absence of all jurisdiction." *See Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019). As established by the very case Bythewood relies upon for his jurisdictional argument, while New York law does not permit a party to appeal from an order or judgment granted upon his default, a party *can* appeal the denial of a motion for *relief* from an order or judgment of default. *See Wells Fargo Bank, N.A. v. Syed*, 160 A.D.3d 914, 914–15 (N.Y. App. Div. 2018) (dismissing appeal from default while exercising jurisdiction over and affirming the denial of a motion for relief). Here, HSBC appealed the denial of a motion "to vacate the certification order, to restore the action to the court's calendar, and to reinstate the notice of pendency." *Arias*, 187 A.D.3d at 1158. Thus, were we able to second-guess the Second Department's exercise of its own appellate jurisdiction under New York state law, we would nevertheless conclude that the justices did not act in the absence of all jurisdiction.

Finally, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Bythewood's state law claims after having dismissed all his federal claims. *See* 28 U.S.C. § 1367(c)(3); *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

We have considered Bythewood's remaining arguments and find them to be unpersuasive.

\* \* \*

For the reasons stated above, we **AFFIRM** the judgment of the district court.

**All Citations**

Not Reported in Fed. Rptr., 2023 WL 6152796

**Bythewood v. New York, Not Reported in Fed. Rptr. (2023)**

2023 WL 6152796

---

**End of Document**                                © 2024 Thomson Reuters. No claim to original U.S. Government Works.